[Civ. No. 50517. Second Dist., Div. Four. Aug. 2, 1977.]

WILLIAM RAMIREZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SAUNDRA RAMIREZ, Real Party in Interest.

**COUNSEL**

Smaltz & Neelley, Donald C. Smaltz, Gregory A. Wedner and Jack Rosenberg for Petitioner.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

Schibel,. Hinojosa & Mirisch and Robert L. Schibel for Real Party in Interest.

**OPINION**

KINGSLEY, J.—In March 1975, petitioner was found in contempt for missing three court-ordered child support payments. Sentence of 15 days was imposed and was suspended with petitioner being placed on probation, conditioned on: (1) his keeping current from then on; and (2) paying off the arrearages (computed at $837) by paying $250 forthwith and $7.50 per week thereafter.

In June 1976, petitioner sought, by an order to show cause, to modify the child support order. That petition was dismissed on the ground that petitioner was, at that date, "in a 'State of Contempt.' " Petitioner sought a writ of review from this court, seeking to attack the original contempt order. On October 22, 1976, we denied that petition on the stated ground that the application was untimely, but saying that that denial was without prejudice to a new petition for a writ compelling a hearing on the modification request. (*Ramirez* v. *Superior Court,* 2 Civ. No. 49274.)

Thereafter, petitioner filed in respondent court a motion to reconsider the refusal to hear his motion for modification and a new motion for modification. When the matter came on for hearing, the trial court on January 20, 1977, made the following order:

"After discussion and stipulation in open court, the Court makes the following ruling:

"The Court finds that:

"1) The order of March 6, 1975 is a valid order.

"2) The Court further finds that the Respondent had notice of the order of March 6, 1975.

"3) The Court further finds that the Respondent did not comply with the terms of the order of March 6, 1975 as follows:

"a) From date of order to November 22, 1976 (the period used by this Court) according to the terms of the order of March 6, 1975 as condition of probation the Respondent was ordered to:

"1) Keep current in child support.

"2) Pay a total of $837.50 of arrearages.

"3) It is stipulated that the total of child support and arrearages for the period from March 6, 1975 through November 22, 1976 is $3,480.00. It is further stipulated that the Respondent paid a total of $2,195.50.

"4) This Court thereupon finds that the Respondent has not complied with the conditions of the Probation spelled out in the order of March 6, 1975 and is an on-going contempt of Court.

"5) Therefore:

"The Court rules it has no jurisdiction to entertain a modification of the support order.

"6) Any modification resulting from the instant Motion for modification shall be retroactive to June 9, 1976.

"7) Motion for modification is Denied.

"8) The Petitioner is stayed from proceeding to collect the monies due hereunder for a period of one (1) month from date hereof." Petitioner then brought the present petition. We issued our alternative writ, opposition has been filed and the matter argued before us. We issue a peremptory writ as prayed for.

The real party in interest appears to rely on the provisions of section 1218 of the Code of Civil Procedure, which reads, in pertinent part, as follows: "No party, who is in contempt of a court order or judgment in a divorce or separate maintenance action, shall be permitted to enforce such order or judgment, by way of execution or otherwise, either in the same action or by way of separate action, against the other party. This restriction shall not affect nor apply to the enforcement of child support orders."

■ While there are numerous cases saying that a court may, in the exercise of its discretion, refuse to hear a party in contempt, those cases, and section 1218, are not applicable to the case at bench. The order of January 20, 1977, contains no finding that petitioner was, as of that date, in contempt. Admittedly, he owes the real party substantial unpaid child support; admittedly he has not complied with the terms of the probation granted in 1975. However, contempt involves not only the failure to

comply with a court order, but the ability to comply. In the case at bench, petitioner sought to offer evidence as to his financial condition in January of 1977. That offer was summarily rejected. In so doing, we conclude that the trial court erred. The rule that a court need not hear a party in contempt exists as a device to induce that party to comply with the order. If, when a party seeks relief, he cannot, then, comply, the rule loses its purpose. A past contempt, no longer existing because of inability to comply, cannot, and should not, impose on the ex-contemner a continuing obligation, increasing month by month, that he cannot meet.

The trial court should have taken evidence as to petitioner's 1977 ability to comply with the terms of probation. If that evidence showed a then inability to comply, it should have determined his motion for modification on its merits. Such action would, of course, not preclude the court from taking any appropriate means—possibly revocation of the probation—as might legitimately punish petitioner for his past contempt.

Let a peremptory writ issue, directing the respondent court to vacate so much of its order of January 20, 1977, in its case No. D-735116 as declined to assume jurisdiction over petitioner's application for a modification of the original child support order and to proceed in accordance with this opinion.

Files, P. J., and Jefferson (Bernard), J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied September 28, 1977.