[Civ. No. 44247. First Dist., Div. Two. Dec. 10, 1979.]

In re the Marriage of SONDRA JEAN and
ROBERT KENT POPENHAGER.
SONDRA JEAN POPENHAGER, Appellant, v.
ROBERT KENT POPENHAGER, Respondent.

516

COUNSEL

Berliner, Cohen & Biagini, Jeffrey P. Widman and Darsha Davidoff for Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and

Gloria F. DeHart, Deputy Attorney General, as Amici Curiae on behalf of Appellant.

Dawson, Maino, Chapman, Bishop, Katz & Kellenberger and Aaron L. Katz for Respondent.

OPINION

**TAYLOR, P. J.**—The wife appeals from an order[1] which retroactively modified a prior divorce decree child support provision to correspond to the child support provisions arising out of a subsequent enforcement suit brought by the wife pursuant to former Code of Civil Procedure section 1689, a part of the Revised Uniform Reciprocal Enforcement of Support Act of 1968[2] (RURESA). The wife contends that: 1) the trial court erred as a RURESA order could not act to supersede the prior divorce decree support order; 2) interest on the support arrearages was required; and 3) the trial court abused its discretion in denying her request for attorney fees and costs. For the reasons set forth below, we have concluded that the order appealed from must be reversed,

The pertinent facts are as follows: The parties were married on December 9, 1966, and had one child, Robert, Jr., born on June 19, 1967. They subsequently separated and the wife and child moved to Seattle, Washington, in November 1968. The wife had commenced an action of dissolution in the Santa Clara County Superior Court, civil No. 214198 (hereafter dissolution action), on November 13, 1968. The husband was personally served and did not contest the dissolution action. The superior court entered an interlocutory judgment of divorce on February 24, 1969. The interlocutory awarded the wife custody of the minor child and ordered the husband to pay $200 per month for child support. The husband received a copy of the interlocutory judment in April 1969. On December 8, 1969, the court entered a final judgment of divorce which incorporated the terms of the interlocutory.

Relying upon the support provisions of the interlocutory judgment, the wife subsequently filed an action for reciprocal support in Washing-

---

[1]Although the notice of appeal specifies that it is taken from the entire order, no issues are raised as to the provisions that prospectively modify the child support from November 1977, and the visitation rights.

[2]Code of Civil Procedure section 1650 et seq.

ton on April 30, 1969. She sought the support payments of $200 per month and $1,200 in arrearages and costs. An ex parte hearing on her petition in Washington resulted in an ex parte order authorizing enforcement of support through the Superior Court of Santa Clara County, in civil action No. 220939 (reciprocal action).

On June 12, 1969, the Honorable James B. Scott presided at the hearing on the reciprocal action in Santa Clara County. The wife did not personally appear but was represented by the District Attorney of Santa Clara County. The husband appeared in propria persona and represented that he was able to pay a maximum of $30 per month for child support. Judge Scott filed an order on July 2, 1969, requiring that the husband pay $30 per month, beginning July 1, 1969. This order did not refer to the dissolution action nor to the interlocutory judgment entered four months earlier.

Records from the King County Superior Court, Washington, indicate that the wife received no support payments until May 26, 1970. Between May 26, 1970, and August 28, 1973, the husband made support payments totaling $1,180. At no time did he make child support payments at the rate of $200 per month.

In June 1977, the wife retained private counsel and attempted to enforce the $200 a month support provision of the dissolution decree. On June 22, 1977, the Santa Clara County Superior Court entered its order for issuance of a writ of execution in the amount of $18,638.77, plus interest and costs and attorney fees, representing the total unpaid and accrued amounts of child support under the final judgment, less the amounts paid by the husband pursuant to the reciprocal action order. On August 16, 1977, the court issued its judgment against the husband for the amount specified in the writ of execution.

In September 1977, the husband, now represented by counsel, moved to quash the writ of execution, to consolidate the proceedings in the dissolution action and the reciprocal action, to modify the support obligation in the dissolution action to conform to the order in the reciprocal action, to determine his arrearages in child support payments and the mode of satisfaction, to modify visitation rights, and to restrain the wife from executing judgment. On October 26, 1977, the court ordered the proceedings to be consolidated but left undetermined the question of the correct amount of child support arrearages.

A hearing in the consolidated cases was subsequently held on October 27 and 28, 1977, on all issues presented by the parties. On November 21, 1977, the court entered the order that is the subject of this appeal. The court granted the husband's motion to modify child support arrearages by conforming the amount to the $30 per month specified in the order in the reciprocal action, and specifically found that the order in the reciprocal action superseded the support provisions of the dissolution decree and computed the husband's arrearages on this basis to be $1,850. The court ordered that the husband discharge the arrearages at the rate of $275 per month and that so long as he did so, the wife would be restrained from executing judgment. Finally, the court also prospectively modified the child support payments at the rate of $125 per month commencing November 1, 1977, and at the rate of $150 per month commencing September 1, 1978, denied the wife any interest on the arrearages accrued, and denied the requests of each party for attorney fees and costs.

■ We turn first to the question of whether the support order in the reciprocal action could supersede the support provisions of the decree of dissolution.

At the time of the reciprocal action in 1969, the applicable RURESA provision, former Code of Civil Procedure section 1689, read as follows: *"Any order of support issued by a court of this State when acting as a responding state shall not supersede any other order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both"* (italics added).

Former Code of Civil Procedure section 1689 is not inconsistent with the requirement that courts afford a defendant the opportunity to litigate the issue of modification in an enforcement suit. *Worthley* v. *Worthley,* 44 Cal.2d 465 [283 P.2d 19],[3] held at pages 472-473, that

---

[3]*Worthley, supra,* was decided in 1955 and involved the original version of Code of Civil Procedure section 1689, before the 1959 amendment, which only made minor changes in language that are of no significance here. Prior to 1959, the statute read as follows: "Any order of support issued by a court of this State when acting as a responding state shall not supersede any *previous* order of support *issued in a divorce or separate maintenance action,* but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both" (italics added).

where both parties to a reciprocal action are before the court, a defendant's plea for modification of support obligations thereunder must be heard. Thus, where no specific plea for modification has been raised, the plain meaning of former Code of Civil Procedure section 1689 is that a reciprocal support order, in and of itself, will not act to supersede a prior support order arising from a dissolution action. Supersession occurs only where the issue of modification has been raised and litigated by the parties. Likewise, a reciprocal support order, like the instant one, which differs in face amount from a prior dissolution action support order but does not expressly mention modification, cannot automatically and after-the-fact, modify the dissolution order; the amount on the face of the reciprocal order merely represents the sum currently enforceable.

The instant record indicates that no express plea for modification was presented for consideration in the issuance of the reciprocal support order. The husband's mere representation that he could only afford to make payments of $30 per month at that time did not constitute a plea. Furthermore, the record does not indicate that the court believed it was considering such a plea. The court was aware of the interlocutory judgment providing for $200 per month child support but made no reference to it in the July 2, 1969, order in the reciprocal action. The form on which the minutes of the enforcement suit hearing were recorded had a box labeled "Modification of Order" which was not checked.

■ We recognize that in both modification and contempt cases the ability of an obligor to pay is normally an important consideration (*Ramirez* v. *Superior Court,* 72 Cal.App.3d. 351, 355 [140 Cal.Rptr. 108]; *Whittlesey* v. *Bellah,* 130 Cal.App.2d 182, 185 [278 P.2d 511]). However, in any proceeding involving modification of child custody and support, the courts must adopt the course that is for the child's best interests and modification should only occur upon an affirmative showing of a change in circumstances (*Evans* v. *Evans,* 185 Cal.App.2d 566, 572 [8 Cal.Rptr. 412]). Common sense and public policy require that in any action in which modification could be raised, both parties be fully aware that such an issue is before the court. A requirement that modification be specifically pleaded is reasonable.

■ We conclude therefore that the trial court erred in holding that the reciprocal support order of July 2, 1969, superseded the support provisions of the interlocutory judgment in the dissolution action. Clearly, under Code of Civil Procedure section 1689, the reciprocal order by

itself could not act to supersede the prior dissolution support order.[4] As no plea for modification of support payments was then made, the dissolution decree support order was controlling.

Accordingly, the husband was continuously obligated to pay child support obligations at the rate of $200 per month pursuant to the divorce decree up until the prospective modification of the obligation by the instant order effective November 1, 1977. The effect of the July 2, 1969, order requiring the husband to pay $30 per month commencing July 1, 1969, was to stay immediate enforcement of the full $200 obligation, except to the extent of the $30 per month which he then could afford. Compliance with the reciprocal support order entitles the husband to a $30 credit against his $200 monthly obligation under the dissolution support order.

Our above interpretation of former Code of Civil Procedure section 1689 is strengthened by the 1970 amendment to the statute which injected an element of specificity into the enforcement laws in its 1970 amendment of Code of Civil Procedure section 1689. As amended (Stats. 1970, ch. 1126, § 26), Code of Civil Procedure section 1689 now provides: "A support order made by a court of this state pursuant to this title does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar provision of law, regardless of priority of issuance, *unless otherwise specifically provided by the court.* Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state." (Italics added.)

■ The effect of the 1970 amendment was to give the power to modify when specifically exercised. The specificity now required for modification, like the provision precluding modification in former Code of Civil Procedure section 1689, recognizes that a reciprocal case is a two-state matter with no appearance by the obligee. Thus, the responding court may frequently lack information as to the obligee's testimony or evidence as to the obligee's ability to pay.

---

[4]We note that the record indicates that the court below was confused by the anomaly of the two orders and the unfortunate and unconscionable result it felt it had to reach.

Thus, pursuant to the current version of Code of Civil Procedure section 1689, a reciprocal support order, in and of itself, still does not supersede a prior support order. However, a reciprocal order can supersede and effectively modify a prior support order if the responding court specifically so provides in its order (*Trippe v. Trippe,* 53 Cal.App.3d 982, 986-988 [126 Cal.Rptr. 214]). In *Trippe,* an obligor desired to plead the issue of modification but was prevented by the trial court from doing so. The reviewing court held that it was reversible error for the court to conclude that it was without jurisdiction in the reciprocal suit commenced under the 1970 version of Code of Civil Procedure section 1689 to modify the support order made in the dissolution action, as the court could have effectively modified the prior order by simply providing for such in its reciprocal order. *Trippe* was decided under the present version of Code of Civil Procedure section 1689 and also can be distinguished factually from the instant case where the husband failed to plead modification.

■ The husband argues that he is not responsible for arrearages accrued at the full rate of $200 per month because the trial court in its discretion refused to fully enforce the wife's claim for child support arrearages as a matter of equity. Without addressing the issue of whether or not this particular fact situation is one in which a court might equitably deny enforcement of support arrearages, we merely note that even a cursory examination of the record indicates that here, the husband was not entitled to equitable relief. He seeks equitable relief from a child support judgment on the grounds that the wife denied him visitation rights and thereby impliedly waived her rights to child support payments. The record, however, indicates that the trial court concluded "the father probably has not made the efforts that he now says he has to contact the child." In addition, he who seeks equity may not take advantage of his wrong (Civ. Code, § 3517). The trial court's statements concerning the result it felt compelled to reach indicate that it was not granting the husband equitable relief from the support judgment on the grounds that he had been denied visitation rights.

■ The husband also argues that in the exercise of its discretion, the trial court properly denied interest on the child support arrearages. This court (Division Four) recently held that an award of interest on child support arrearages is not a matter of discretion for the court but falls within the mandatory language of Code of Civil Procedure section

1033[5] (*In re Marriage of Hoffee,* 60 Cal.App.3d 337, 339-340 [131 Cal.Rptr. 6377]). Pursuant to Hoffee, the wife here was entitled to interest on the support arrearages as a matter of law.

Finally, we turn to the matter of attorney fees that are sought by each party pursuant to different statutes. The wife relies on section 4370 of the Civil Code, which reads in pertinent part as follows: "(a) *During the pendency of any proceeding* under this part, *the court may order* the husband or wife, or father or mother, as the case may be, to pay such amount *as may be reasonably necessary for the cost of maintaining or defending the proceedings* and *for attorneys' fees;* and from time to time and before entry of judgment, *the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding relating thereto. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees* as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter augment or modify any award so made. *Attorneys' fees* and costs within the provisions of this subdivision *may be awarded for legal services rendered or costs incurred prior, as well as subsequent, to the commencement of the proceeding*" (italics added).

The husband's claim for attorney fees is predicated upon Civil Code section 4700, subdivision (a), which provides, so far as pertinent: "*In any proceeding where there is at issue the support of a minor child,* the court may order either or both parents to pay any amount necessary for the support, maintenance, and education of the child.... Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke.... The order of modification or revocation *may include an award of attorney fees and court costs to the prevailing party*" (italics added).

As to attorney fees for services rendered prior to the judgment of dissolution, Civil Code section 4370 controls. The mere fact that Civil Code section 4370 makes reference to an award of attorney fees pendente lite does not preclude the awarding of such fees pursuant to its

---

[5]So far as pertinent, Code of Civil Procedure section 1033, provides that the clerk or judge *must* include in the judgment "entered up" any interest on the judgment "from the time it was rendered or made...."

provisions as a part of a final judgment (*Andrade* v. *Newhouse*, 54 Cal. App.2d 339, 345 [128 P.2d 927]; *Stebbins* v. *Imerman*, 21 Cal.App.3d 942, 947 [98 Cal.Rptr. 865]). Civil Code section 4700, by its terms, pertains only to attorney fees incurred in any proceeding where the support of a minor child is in issue and in connection with a motion for modification or revocation of support payments.

■ Where, as here, the attorney fees were incurred after the judgment of dissolution, either Civil Code section 4370 or Civil Code section 4700 is applicable (*In re Marriage of Mulhern*, 29 Cal.App.3d 988, 994-995 [106 Cal.Rptr. 78]). However, we think that where both statutes apply, Civil Code section 4370 should control. Civil Code section 4700 should come into play only if Civil Code section 4370 is first found inappropriate. The logic behind these priorities is simple. An award of attorney fees under Civil Code section 4370 is appropriate in cases where one party would otherwise be financially unable to litigate the controversy (*In re Marriage of Janssen*, 48 Cal.App.3d 425, 428 [121 Cal.Rptr. 101]). A determination of an award of attorney fees first under Civil Code section 4370 involves an evaluation of each party's needs and insures that both parties will have their day in court (*In re Marriage of Gonzales*, 51 Cal.App.3d 340, 344 [124 Cal.Rptr. 278]). An award of attorney fees in favor of a prevailing party under Civil Code section 4700, where the other party is unable to afford his or her own attorney fees, is of no value to the prevailing party. Application of section 4700 then is appropriate only in the situation where a lower court has first found that both parties to the proceeding could otherwise afford to pay their own attorney fees.

The question remains whether or not the trial court here abused its discretion in the denial of attorney fees to each party. The reasonableness of an order of attorney fees is a matter of trial court discretion. ■ Absent a clear abuse of discretion, a reviewing court may not disturb a trial court's decision on the matter of attorney fees (*In re Marriage of Lopez*, 38 Cal.App.3d 93, 113 [113 Cal.Rptr. 58]). ■ In exercising its discretion to award attorney fees under Civil Code section 4370, a trial court must consider the respective incomes and needs of a husband and wife (*In re Marriage of Janssen*, *supra*, 48 Cal.App.3d 425; *Perry* v. *Superior Court*, 7 Cal.App.3d 236, 243 [86 Cal.Rptr. 607]). The instant record does not indicate that the trial court considered the respective incomes and needs of the parties in denying attorney fees to each. Rather, the record indicates that the court summarily based its denial upon each party's "derelict" behavior

in the two matters that comprised the consolidated proceedings. We conclude, therefore, that the trial court here should not have denied attorney fees without a hearing. At the hearing, the entitlement and amount of attorney fees on this appeal should also be determined.

The order is reversed and the case is remanded for reconsideration in the light of this opinion, and for a determination of interest on the support arrearages and attorney fees.

Rouse, J., and Miller, J., concurred.