[Civ. No. 69182. Second Dist., Div. Six. May 30, 1984.]

In re the Marriage of PENELOPE ANN and WILLIAM JOHN
STRAECK.
PENELOPE ANN STRAECK, Respondent, v.
WILLIAM JOHN STRAECK, Appellant.

COUNSEL

Goldenring & Goldenring, Peter A. Goldenning and Valentine Reiner for Appellant.

Robert H. Mott for Respondent.

OPINION

ABBE, J.—Appeal from an order modifying the amount of child support to be paid by appellant. ▮ The sole issue is whether a child support order entered in a dissolution action in one county in California may be

modified by the court in another county of this state where the order has been registered pursuant to Code of Civil Procedure section 1697, subdivision (b)[1] of the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). For reasons set out below we hold that the county in which the child support order is registered may prospectively modify the amount of child support payable.

Appellant (husband) and respondent (wife) were granted a final judgment of dissolution in 1979 by the Superior Court of Ventura County. The judgment ordered husband to pay wife child support of $150 per month per child for support of two minor children. Subsequent to the dissolution, both parties moved from Ventura County; wife and the children to San Luis Obispo County and husband to Los Angeles County.

In 1981 wife registered the Ventura County judgment in San Luis Obispo County. In October 1982 wife filed a motion for modification of the judgment in San Luis Obispo County seeking an increase in child support. Husband filed a motion to quash the proceedings on the ground that venue had not been changed from Ventura County and, therefore, the court was without jurisdiction to modify the order for child support. No personal appearance was made by husband at the hearing on either motion. The San Luis Obispo court denied the motion to quash and increased the child support. Husband appeals.

Appellant asserts only the county of rendition or the county where the obligor resides can modify a child support order and that it is contrary to law and policy to permit modification of child support orders in the county of registration because to do so must necessarily result in "unseemly" inconsistent child support orders.

Appellant also asserts that the San Luis Obispo court was without jurisdiction to modify the child support order. He is incorrect. As appellant is a California resident, California courts have in personam jurisdiction over him.

Subject matter jurisdiction over RURESA child support proceedings is expressly given to the superior court by section 1672.5; the superior courts also are given jurisdiction over all other child support proceedings by Civil Code sections 245 and 4351. Therefore, all superior courts within the state have concurrent jurisdiction in a fundamental sense where both parties reside in California. Consequently, the real issue is whether venue was proper in San Luis Obispo County and, if so, whether the continuing jurisdiction

---

[1] All references are to the Code of Civil Procedure unless otherwise specified.

and venue in Ventura County divested San Luis Obispo County of proper venue.

■ Section 1697 subdivision (b) is a unique California addition to RURESA. Venue for the registration in San Luis Obispo is proper under section 1697, subdivision (b) which provides that: "A support order made in this state may also be registered pursuant to Sections 1698 to 1699, inclusive, in any county in which either the obligor or the child who is the subject of the order resides." Section 1698 gives the sole right to register the order to the obligee.

■ While section 1692 requires the transfer of a RURESA action to the county where the obligor or his property is found, the section is inapplicable here. The section imposes this duty upon the court ". . . in which the petition is filed. . . ." It refers only to the bicounty RURESA actions where the obligee elects to proceed by way of petition for child support and not to registration of judgment under 1697, subdivision (b). (See §§ 1670-1696 and *Smith* v. *Smith* (1954) 125 Cal.App.2d 154 [270 P.2d 613], which analyzes the operation of these two court proceedings in the analogous interstate setting.) Appellant's reliance on section 1692 is misplaced.

Appellant argues that even if the venue was proper for registration, the court of the registering county did not thereby have power to modify the order and could only enforce it. We disagree. Section 1699, subdivision (a) provides that upon registration the support order shall be treated in the same manner, with the same procedures, and have the same effect as a support order issued in this state. Orders for child support made in this state are modifiable upon changed circumstances as a matter of law. (Civ. Code, § 4700.)

In *Worthley* v. *Worthley* (1955) 44 Cal.2d 465 [283 P.2d 19], the Supreme Court considered whether modifiable out-of-state support orders were enforceable in California. The court held that foreign-created support judgments were enforceable here and that ". . . either party may tender and litigate any plea for modification that could be presented to the courts of the state where the . . . decree was originally rendered." (*Id.*, p. 474.) ■ Therefore, the power to enforce includes the power to modify a support order.

While *Worthley* was decided before the simplified judgment registration provisions (§§ 1697-1699) were added to the California RURESA Act, the decision is persuasive here. The conclusion reached by the court relied heavily on the policy behind the original RURESA Act to facilitate the enforcement and modification of foreign support obligations. (*Id.*, pp. 472-

473.) It would be an anomaly to hold that by enacting simplified enforcement procedures for registration of a judgment the Legislature intended to foreclose modification thereof.

The rule set down by *Worthley* has been applied in an interstate RURESA action under circumstances similar to those here. In *Trippe* v. *Trippe* (1975) 53 Cal.App.3d 982 [126 Cal.Rptr. 214], a wife in New Mexico was seeking enforcement of child support in Los Angeles County under the RURESA complaint provisions (§§ 1650-1696) from her former husband who was a resident of Los Angeles. There was extant a Los Angeles County Superior Court child support order between the parties entered earlier in their dissolution action. This district court of appeal held the court in the RURESA action erred in assuming it could not modify the amount set forth by the court in the dissolution action, and that the court had discretion to modify the amount of child support if changed circumstances warranted it. (*Id.*, p. 987.)

Respondent cites *Thomas* v. *Thomas* (1939) 14 Cal.2d 355 [94 P.2d 810] for the proposition that intrastate support decrees may be enforced in other counties but modified only in the county where originally rendered. *Thomas* concerned an action on the judgment like that in *Worthley* and predated both that case and the original and revised uniform acts. *Thomas* was consistent with *Biewend* v. *Biewend* (1941) 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264], which limited the court's power in the interstate setting in an action on the judgment to enforcement and left the issue of modification solely to the rendering court. *Biewand* was expressly overruled on this issue by *Worthley* v. *Worthley, supra,* 44 Cal.2d 465, 469-470. If *Worthley* does not overrule *Thomas* because the judgment in *Thomas* was an intra- rather than interstate judgment, various provisions of the RURESA do.

Both section 1654 and 1697 of RURESA state that the remedies provided therein are in addition to and not substitutes for any other remedies available to the support obligee. In addition section 1691 provides in pertinent part that "[a] . . . court shall not stay the proceeding or refuse a hearing under this title because of any pending or prior action or proceeding . . . in this or any other state. . . ." Therefore, the existence of another enforceable order or decree within the state does not preclude a court from proceeding in the RURESA action and providing a different amount for support.

Several cases interpreting various provisions of RURESA have involved situations where there is an existing enforceable order issued by this state. (See, e.g., *Trippe* v. *Trippe, supra,* 53 Cal.App.3d 982; *In re Marriage of Popenhager* (1979) 99 Cal.App.3d 514 [160 Cal.Rptr. 379]; *Hamilton* v.

*Superior Court* (1974) 37 Cal.App.3d 418 [112 Cal.Rptr. 450].) None of those cases considered that fact as precluding enforcement or modification under RURESA.

Appellant argues that venue for modification should be limited to the rendering county because otherwise there will be multiple and perhaps inconsistent orders enforceable against him. While sympathetic to an obligor placed in this dilemma, our reply is that RURESA contemplates and allows this result.

As noted above section 1691 deals with situations where there are pending or prior actions in this or any other state and requires the RURESA action to go forward. Only where two actions are pending at the same time and the non-RURESA action concludes first must the RURESA court conform its support order to that provided in the first action.

■ Section 1689 provides that support orders under RURESA do not nullify and are not nullified by other orders whether issued in this or another state, regardless of the priority of issuance. Taken together with section 1691 enforcement is required even when jurisdiction for enforcement has been retained by another court. Section 1689 does prevent dual collection by requiring that money paid on out-of-state orders be credited to an in-state order.

■ Section 1682 provides in part that: "The court . . . of any county in which the obligor is present or has property [has] the same powers and duties to enforce the order as have those of the county in which it was first issued. . . ." Section 1694 provides evidentiary rules for cases where the ". . . action is based on a support order issued by another court. . . ." It subjects those orders "to any defenses *or modification* available to a defendant in a proceeding to enforce a foreign support judgment. . . ." (Italics added.) The emphasized language is unique to California and does not exist under the Uniform Act. (See 9A West's U. Laws Ann. (1979) Uniform Reciprocal Enforcement of Support (1968 rev. act) § 23.) These sections, together with earlier cases, indicate that California has clearly established that all modifiable orders for child support enforceable within the state are subject to prospective modification in the court where enforcement may be sought under the act, upon proper motion of either party. This is consistent with the purposes of the act to improve the enforcement of the duties of support (§ 1652) and to allow the obligee to obtain adequate support without the expense of travel and litigation at a distant forum. (See special concurring opinion of Cowart, J., *Helmick* v. *Helmick* (1983) 436 So.2d 1122; see also *Moffat* v. *Moffat* (1980) 27 Cal.3d 645, 650, fn. 3 [165 Cal.Rptr. 877, 612 P.2d 967].)

 While under this rule an obligor could be subject to dual enforcement actions and multiple inconsistent orders for child support, an obligor is not without a remedy under such circumstances. Section 1689, quoted in part above, provides that other support orders do not nullify and are not nullified by a RURESA order ". . . unless otherwise specifically provided by the court. . . ." Therefore, the obligor could request that the court specifically provide that the new order supersedes or modifies all other orders as the court order provides in the instant case. Additionally, obligor here could move pursuant to section 397.5 to have the original proceedings transferred to the county where the modification of the registered order is sought and seek consolidation of the actions. The section provides as follows: "In any proceeding under the Family Law Act, Part 5 (commencing with Section 4000) of Division 4 of the Civil Code, when it appears that both petitioner and respondent have moved from the county rendering the decree, the court may, when the ends of justice and the convenience of the parties would be promoted by the change, order that the proceedings be transferred to the county of residence of either party." Therefore, since both appellant and respondent have moved from the County of Ventura, the ends of justice and the convenience of witnesses would be served by a transfer of the family law proceedings to San Luis Obispo. The wife could hardly assert the forum which she chose for the RURESA action was inconvenient. The rights of the parties would be served in two ways; first by assuring that the circumstances under which the original order was made were known and have changed in a manner to support a modification, and second, by avoiding multiple enforcement actions against the obligor and subjecting him to inconsistent orders.

The judgment is affirmed. Each party to bear their own attorney fees and costs on appeal.

Stone, P. J., and Gilbert, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 8, 1984.