Filed 4/2/13  Hutchinson v. Ajiduah CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KARYN HUTCHINSON,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL AJIDUAH,<br><br>Defendant and Appellant. | 2d Civil No. B236024<br>(Super. Ct. No. D273463)<br>(Ventura County) |

Appellant Paul Ajiduah has not seen his child for six years; he seeks custody.  Ajiduah asks that California maintain jurisdiction over the case; both the child and the custodial parent, respondent Karyn Hutchinson, live in Texas.  The trial court has ordered Ajiduah to pay child support; his arrearages exceed $80,000.  Ajiduah owes Hutchinson's counsel over $17,000 in court-ordered fees; he has paid nothing.[1] Notwithstanding his obdurate behavior, Ajiduah sought and received a reduction in his monthly child support payment -- a seemingly inconsequential matter since he does not comply with support orders irrespective of the amount.

Ajiduah appeals from the trial court's order relinquishing jurisdiction to Texas on child custody issues and requiring him to pay Hutchinson's attorney's fees.  We affirm.

---

[1] Hutchinson's attorney withdrew from this appeal for non-payment of fees. Hutchinson did not appear or file a respondent's brief.

FACTS AND PROCEDURAL BACKGROUND

Hutchinson has sole custody of the parties' minor child. In 2005, the trial court entered an order requiring Ajiduah to pay monthly child support of $1,548, based on self-employment income of $99,000 per year. At that time, Ajiduah owed $24,551.44 in back child support. In 2006, Hutchinson and the child relocated to Texas. Ajiduah has had no contact with the child since they moved.

By March 2011, Ajiduah was approximately $80,000 behind in child support payments. He filed an order to show cause (OSC) to modify child custody, visitation and child support based on a change in circumstances. Ajiduah claimed he was starting a new job with a monthly income of $4,506. Hutchinson and the Ventura County Department of Child Support Services (DCSS) responded to the OSC, but those documents are not included in the record on appeal. The record also does not include any of the earlier child custody, support and attorney's fees orders.

At the evidentiary hearing, the DCSS attorney advised the trial court that monthly guideline support is $710 based on Ajiduah's current actual income. Hutchinson declared she has no income, and the trial court refused to impute any income to her, stating it would be inappropriate "in light of the history of the case." Agreeing that child support should be based on Ajiduah's actual income, the trial court modified Ajiduah's monthly support obligation to $710. The trial court also ordered him to pay Hutchinson's attorney's fees in the amount of $7,000.

On the custody and visitation issues, the trial court relinquished jurisdiction to Texas based on the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). (Fam. Code, § 3422.)[2] The court observed that Texas has been the child's home state since 2006, that neither the child nor the custodial parent has any connection to California and that Ajiduah "has failed to follow the 2004 custody order and has not provided financial assistance for the minor child." The court ruled that the prior child

---

[2] All statutory references are to the Family Code.

custody and visitation order will remain in effect except that all visitations with the minor child must take place in Texas. Ajiduah appeals.

Hutchinson twice moved to dismiss Ajiduah's appeal because he refused to lend her his copy of the record on appeal, as required by rule 8.153 of the California Rules of Court. Given that the record is not lengthy, we denied the motions and offered to make the record available for review in the clerk's office. Hutchinson's attorney responded that Hutchinson cannot afford to defend the appeal, explaining: "[Ajiduah] owes [Hutchinson] over $90,000 in back child support. [He] owes my office over $17,000 pursuant to an award of attorney's fees and costs made by the trial court on December 15, 2005. He has not paid a single dollar toward this order, and has arranged his financial affairs so that none of this can be collected by any levy." Subsequently, Hutchinson's attorney substituted out of the appeal. No respondent's brief was filed.

## DISCUSSION

In her first motion to dismiss, Hutchinson asserted that "Appellant's opening brief fails to articulate any pertinent, intelligible, or cognizable legal argument, or properly cite authority or the record on the points raised." We agree the brief is confusing and even incoherent in parts. Ajiduah does challenge the trial court's decision to defer to Texas on the custody and visitation issues and to award attorney's fees to Hutchinson. We address those issues below.

Ajiduah also contends that the trial court failed "to rule on the Appellant arrears" and that the DCSS attorney improperly interfered "with private family matter." Ajiduah does not elaborate on these contentions or provide relevant legal authority and record citations. Where, as here, an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; see *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [appellate court not required to consider points not supported by citation to authorities or record].)

3

*Custody and Visitation*

The exclusive method of determining subject matter jurisdiction in custody cases is the UCCJEA.  (§ 3421, subd. (b).)  As provided in section 3422, a court that properly acquires initial jurisdiction over the custody issues, as it did here, retains exclusive, continuing jurisdiction unless one of two subsequent events occurs:  (1) a court of the issuing state determines that "neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships," or (2) there is a judicial determination by either the issuing state or any other state that "the child, the child's parents, and any person acting as a parent do not presently reside in" the issuing state.  (§ 3422, subds. (a)(1), (a)(2).)

Here, the trial court determined it lost exclusive, continuing jurisdiction under section 3422, subdivision (a)(1), because the child and custodial parent (Hutchinson) no longer have a significant connection with California and because substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships.  The record supports this decision.

The issuing state has the *sole* power to decide whether continuing jurisdiction has been lost under section 3422, subdivision (a)(1).  (*In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 510.)  Even if the child and custodial parent have moved to another state, however, a "significant connection" to California continues so long as the other parent, who is exercising visitation rights, still lives in California and his or her relationship with "the child has not deteriorated to the point at which the exercise of jurisdiction would be unreasonable."  (*Grahm v. Superior Court* (2005) 132 Cal.App.4th 1193, 1200.)  But that is not the case here.  The evidence established that the child and Hutchinson have lived in Texas since 2006 and that Ajiduah has had no contact with the child since that time.  Ajiduah also has failed to comply with the earlier custody and child support orders.  Under these circumstances, the trial court appropriately

4

relinquished jurisdiction over custody issues to Texas. Thus, any request to modify custody must be brought in Texas.

*Attorney's Fees*

The trial court granted Hutchinson's request for the $7,000 in attorney's fees she incurred in defending Ajiduah's OSC to modify child support. Ajiduah contends this award was inappropriate because he was the prevailing party in that proceeding. The standard of review for orders affecting a child support obligation and a related order for attorney's fees is abuse of discretion. (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 730-731; *In re Marriage of Popenhager* (1979) 99 Cal.App.3d 514, 525-526.)

The trial court's order purports to grant Hutchinson's fees pursuant to section 3652, which states that "an order modifying, terminating, or setting aside a support order may include an award of attorney's fees and court costs to the prevailing party." Although this statute permits an award to the prevailing party, the court first must consider whether a section 2030 needs-based award is warranted. (*In re Marriage of Popenhager, supra,* 99 Cal.App.3d at p. 525.) Because of the importance of ensuring that both parties have the ability to present their cases effectively, attorney's fees may be awarded against a prevailing party in family law proceedings. (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1056; *In re Marriage of Hublou* (1991) 231 Cal.App.3d 956, 966.) Thus, section 3652 comes into play *only* if the trial court has found that section 2030 needs-based fees are inappropriate in light of the parties' relative circumstances. (*Popenhager*, at p. 525 [comparing former Civil Code sections 4370 and 4700].)

The record confirms the trial court intended to issue a needs-based award under section 2030, subdivision (a).[3] The court addressed the parties' ability to pay and

_____

[3] Section 2030, subdivision (a)(1) provides: "In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, . . . to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably

their respective incomes, remarking that Hutchinson has no income or child support, lives out of state and had to retain an attorney to represent her interests in California. In contrast, Ajiduah lives in California, is representing himself, has monthly income of $4,506, is over $80,000 behind in child support payments and has not paid prior attorney's fees awards. In fact, before reducing the child support award, the trial court offered to set an evidentiary hearing for Hutchinson to further examine Ajiduah's financial information. Hutchinson's attorney declined, explaining: "[M]y client can't afford counsel to do that. The last time we had an attorney's fee order, which was over $9,000, Mr. Ajiduah did not pay any of it. He still hasn't paid a nickel of it."

The trial court appropriately considered these facts in deciding that Hutchinson was entitled to attorney's fees to preserve her rights on the child support issue. (See § 2030, subd. (a).) The court did not abuse its discretion in awarding those fees.

The order of the trial court is affirmed. No costs are awarded on appeal. NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

---

necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

Joann Johnson, Commissioner

Superior Court County of Ventura

_____

Paul Ajiduah, in pro. per., for Appellant.

No appearance for Respondent.