GASKINS et al. v. BONFILS et al.

BONFILS et al. v. GASKINS et al.

Nos. 1226, 1227.

Circuit Court of Appeals, Tenth Circuit.

Sept. 24, 1936.

Paul Barnett, John G. Madden, Watson, Ess, Groner, Barnett & Whittaker, I. N. Watson, R. R. Brewster, T. J. Madden, Harry R. Freeman, and Harry G. Kyle, all of Kansas City, Mo., and Joel E. Stone, of Denver, Colo., for appellants and reverse.

Henry L. Jost and Lester G. Seacat, both of Kansas City, Mo., and Robert L. Stearns, of Boulder, Colo., for appellees and reverse.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PER CURIAM.

We modified the decree in this case "by increasing the amount due Florence Gaskins to $32,537 with interest thereon from December 15, 1926, at 6 per cent. per annum, and by increasing the amount due Frank C. Seested to $125,067.15 with interest thereon from November 18, 1926, at 6 per cent per annum"; and as thus modified it was affirmed. 79 F.(2d) 352. The mandate was issued in due season. Thereafter, on November 9, 1935, $50,076 was paid to complainant and $193,055.20 to intervener. They were requested to acknowledge full payment of the decree and to direct the clerk to note its satisfaction. The request was refused, complainant contending that she was awarded $32,537 with interest thereon from December 15, 1926, to November 28, 1934, the date on which the trial court entered its decree, together with interest on the combined sums from the latter date to the date of payment and intervener likewise contending that he was awarded $125,067.15 with interest thereon from November 18, 1926, to the date of the decree of the trial court together with interest on the combined sums from then until payment.

Complainant and intervener filed a motion in the court below for the issuance of an execution for the additional sums thus claimed which then amounted to $3,540.49. Thereupon the Bonfils, the executors of the estate of Frederick G. Bonfils and Boma Investment Company filed their motion in this court praying that we recall and construe our mandate, particularly that we determine the duties and obligations of the movants in respect to the payment of interest.

We think the language of the decree fairly construed is clear. Complainant was awarded $32,537 with simple interest thereon at the rate of 6 per cent. per annum from December 15, 1926, to the date of payment; and intervener was awarded $125,067.15 with simple interest thereon at the rate of 6 per cent. per annum from November 18, 1926, to the date of payment. They were not awarded the respective sums stated with interest to the date of the decree of the trial court and with interest on the combined sums from that date until payment. There was no award of compound interest after the date on which the trial court entered its decree. The mandate conforms to the amended decree, and the trial court will doubtless encounter no difficulty in making disposition of the motion for issuance of an execution.