THOMAS, Justice.
Before stating, discussing and deciding the questions we feel obliged to answer we shall give the chronology of the procedure in the trial court leading to the judgment under attack here.
The action, which was commenced in the Florida court 20 February 1952, was based on a judgment obtained by the appellee in a Court of Common Pleas in Pennsylvania, 14 October 1930, more than twenty years before.
After an unsuccessful attempt to dismiss the complaint the defendant filed his answer presenting the principal defense that the claim had been discharged by payment. The plaintiff then moved that the answer be stricken because it was a sham. The matter was pending on this motion when the deposition of the defendant was taken, counsel for both parties litigant being present and participating in the examination.
Under Common Law Rule 14(a), 30 F.S.A., the plaintiff was privileged at this point to make such a motion and the court was required to consider the evidence, and to grant the motion, if it was sustained. The appellant now insists that we should reverse the judgment because the motion was defective and further because the plaintiff offered no proof of demand or nonpayment, or evidence from which these elements could be inferred. In a sense, this motion did not strictly comply with the rule because it did not “set forth fully the facts on which the movant” relied, but we think the fault was cured by subsequent events and that interference on our part would require too much emphasis on the form of the rule and too little on the substance.
The defendant in his deposition had had every opportunity to disclose what had oc *485 curred that he thought constituted payment, information which was as much in his possession as his adversary’s, and his attempt was, to say the most, very feeble. He admitted the entry of the judgment and conceded that he had not paid it in 'full but he claimed to have paid a stipulated amount “towards the settlement of that judgment.” Upon further examination he explained that the money had been paid by his brother to a named lawyer. We do not know whom this attorney represented, but it is clear from the record that he was not counsel for the plaintiff in the case in Pennsylvania.
As to details and circumstances of any supposed payment, he was patently ■ ignorant. Such was the gist of his testimony. We cannot see the justness of holding that reversal should he ordered simply because the failure of movant to detail, awkwardly in the negative, a situation refuting an affirmative plea of payment, especially when the pleader in a deposition already taken had admitted that he. had not paid the judgment in full.
Later the motion to strike was granted and on the same day an amended answer was filed in an evident effort to conform a defense to the testimony, setting out that the defendant had paid a stated amount “in full settlement of said claim.” As we have already seen, the proof relative to that allegation was definitely deficient. Shortly afterward the defendant moved for a summary judgment, then the plaintiff offered a motion that the amended answer be stricken, too, followed by a motion for judgment on the pleadings, as he was permitted to do under Common Law Rule 13(h), if his attack on the amended answer was well-grounded.
With the pleadings in this state, the court took the case under advisement and ultimately entered a judgment denying appellant’s motion for summary judgment, granting appellee’s motions to strike the amended answer and to enter judgment on the pleadings, and adjudging the defendant indebted to the plaintiff in the approximate sum of thirty-six thousand dollars.
The appellant is aggrieved because he was deprived of a jury trial. He reasons that there was a presumption of law arising from the age of the judgment that it had been paid and that this presumption presupposed rebuttal testimony so the issue became one of fact determinable only by a jury. Aside from the influence on this position of his own uncertain statement contained in the deposition, we think that it cannot be sustained because of his procedural tactics. He asked for a summary judgment and in doing so he represented that the controversy could properly be decided by the judge alone. ■ The effect of this action was to waive the jury' trial he had requested in his original answer. He could not expect voluntarily to submit his case to the judge and when his adversary was successful on a similar motion, then claim he should have had a jury trial after all. Silva v. Exchange Nat. Bank, Fla., 56 So.2d 332.
The only remaining question requiring our answer is a challenge of the amount of the judgment we are reviewing. The principal sum, that is, the amount of the initial judgment entered in Pennsylvania is not disputed, but the interest is. The court evidently allowed interest compounded yearly. This was error. • The plaintiff was entitled to simple interest only.
The judgment is affirmed in all respects, except as to amount, and the circuit court is directed to revise it so that simple interest will be allowed.
Affirmed in part and reversed in part.
ROBERTS, C. J., and HOBSON and DREW, JJ.,. concur.