No. 44,015

Cecilia N. Netherton Hamilton, *Appellee*, v. Clarence J. W. Netherton, *Appellant*.

(401 P. 2d 657)

Opinion filed May 4, 1965.

*Warren H. Kopke,* of Great Bend, argued the cause, and *Larry L. Kopke,* of Great Bend, was with him on the brief for the appellant.

*M. John Carpenter,* of Great Bend, argued the cause, and *Melvin O. Nuss, Vernon L. Nuss, Hugh D. Mauch,* and *Leonard A. Birzer,* all of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

Robb, J.: Defendant appeals from the judgment of the trial court allowing a lump sum judgment for child support payments due under a decree of a Reno, Nevada, court, and also from the compounding of interest monthly upon the monthly payments of $67.50 from September, 1958, through March 19, 1964.

As it develops, the only question here centers around the allowance of the lump sum judgment based on the past due and unpaid monthly payments within the last five years prior to the filing of this action together with limitations upon the trial court's jurisdiction as to the allowance of interest.

A brief factual statement leading up to the present lawsuit, which was instituted by plaintiff against her former husband in the Barton county, Kansas, district court, may be helpful to a better understanding of the appeal.

Plaintiff and defendant were married on February 17, 1941, at

Louisville, Kentucky. During the marriage Donna Lee Netherton was born in 1943. Another child, Sherelyn Ann Netherton, was born on May 11, 1946. Defendant testified he entered the military service from Kentucky in December, 1942, that he went overseas in March, 1945, and reverted to inactive duty on December 7, 1945, at Fort Bliss, Texas. Defendant then went to Reno, Nevada, where he field for and obtained a divorce decree on April 11, 1946. About eighteen months later defendant moved to Wichita, Kansas, where he made child support payments in the sum of $67.50 per month until February or March, 1947.

Defendant's original divorce action had been tried upon the basis of an agreement entered into and signed by the parties on April 8, 1946. The pertinent part of the agreement reads:

"4. That the wife shall have the sole custody and control of the minor child of the parties, to-wit: DONNA LEE NETHERTON and the husband agrees to pay to the wife the sum of Sixty-seven and 50/100 Dollars on the first of each and every month hereafter during the minority of said minor child for the support and maintenance of said minor child. That as to the child to be born the issue of the marriage in May, 1946, it is the understanding and agreement of the parties hereto that said sum of Sixty-seven and 50/100 ($67.50) Dollars shall also be applied towards the support and maintenance of said minor child to be born; it being the understanding of the parties hereto that the husband will be only liable and responsible for the sum of Sixty-seven and 50/100 ($67.50) Dollars in any event. That as to the custody of the minor child which is yet to be born, the parties hereto agree that said child if born shall be placed in the sole and exclusive custody and control of the wife; provided, however, that if the husband makes the payments as herein agreed upon that he shall have the right to visit the minor child and/or children at all reasonable times and places.

"That the husband further agrees to pay all necessary medical, doctor and/or hospital expenses incurred by the wife in connection with the birth of said minor child upon the wife furnishing to husband statements and/or bills showing the respective charges in connection therewith and the husband further agrees to keep the wife informed as to his place of residence until said statements are received by him from the wife, at which time he will promptly pay the said bills so presented to him."

The agreement referred to making provision for the support and maintenance of "minor child and/or children" and defendant further agreed to pay all expenses connected with the birth of Sherelyn Ann Netherton.

The agreement was approved, adopted and confirmed by the trial court in Reno, Nevada, at the time the original divorce decree was entered on April 11, 1946. Any question with regard to interpretation of the agreement by the trial court in the divorce

action, as argued by defendant, is laid at rest by defendant's answer filed December 24, 1963, wherein he alleged and stated:

"Defendant specifically denies that Sherelyn Ann Netherton is the issue of this defendant; that the agreement entered into by and between the parties hereto specifically took into contemplation the support of said child; that the agreement provided for support and maintenance of said child or children until the youngest became twenty-one years of age."

At a pretrial conference held on December 11, 1963, it was decided that the substantive law of Nevada and the procedural law of Kansas should apply in this case.

In view of the above facts and circumstances we are of the opinion the trial court in our present case was correct in its ruling that it could not go behind the judgment of the Reno, Nevada, court and the agreement between the parties upon which such judgment was based.

The applicable rule of law covering the precise point here involved was set out in *Fischer v. Kipp*, 177 Kan. 196, 277 P. 2d 598, where this court stated:

". . . a properly authenticated judgment rendered by a court of one state is, under the full faith and credit clause of the United States Constitution, Article 4, Section 1, entitled in the courts of another state to the force, the effect, and the full faith and credit, it has by law in the courts of the state where the judgment was rendered." (pp. 197-198.)

Here, as in the Fischer case, it is conceded the judgment relied on was authenticated in the manner required by G. S. 1949, 60-2853, now K. S. A. 60-465.

This brings us to the paramount question and that is whether the trial court exceeded its jurisdiction by compounding the interest monthly in computing the amount of the lump sum judgment. The judgment covered the five year period from September, 1958, until the action was commenced plus the time the action was pending and until judgment was entered on March 19, 1964, in the amount of $67.50 per month bearing compound interest at six per cent on each monthly payment, which became a final judgment when it became due and unpaid. Under the provisions of K. S. A. 16-204 there can be no compounding of the simple rate of interest. In other words, the interest should be computed at six per cent simple interest from the date each monthly payment became due to the date of judgment.

The case is remanded to the district court with directions to recompute the interest in conformity with the views expressed herein.

Affirmed as modified.