44753. STATE HIGHWAY DEPARTMENT v. OWENS et al.

Evans, Judge. This is a case seeking to condemn land for highway purposes and for construction and drainage easements connected with the same. The proceedings are in rem and against the owners and the holder of a lien on the property. The land was condemned, the condemnees appealed, and after a trial the jury found in favor of the condemnees a named sum, and judgment was entered thereon. A motion for new trial, as amended, was filed by the Highway Department, heard and denied; and the appeal is from that judgment. The errors enumerated are, in substance, the same as those found in the motion for new trial, as amended. *Held:*

1. The right to cross examination, thorough and sifting, shall belong to every party, but it shall be the right of the witness to be examined only as to relevant matter. *Code*

§§ 38-1704, 38-1705. Counsel for the Highway Department, in cross examining a witness, was attempting to show the defendant had knowledge of the intended condemnation before he began construction of apartments on his property. Opposing counsel objected to the question as being irrelevant and immaterial for the taking and damage would apply even if it were purchased the day before condemnation. This objection was sustained. Again the court refused to allow counsel for the Highway Department on direct examination to go into matters showing the condemnees knew of the project before they began construction. The court also sustained an objection as to a rebuttal witness attempting to show that condemnees knew where the improved highway would be located before they built the apartment building, and he also refused to allow argument thereon before the jury. Error is enumerated on all of these matters. All of these errors involve the question of the relevancy of such questions to the taking and damaging of the condemnees' property. Since the question to be determined by the jury was the value of the property at the time of its taking for public purposes on the date that it was taken, which was the date that the property was condemned, the court did not err in restricting counsel in its direct, rebuttal and cross examination of the witnesses with reference to knowledge of the condemnees that the highway was to be located at or near their property at the time they purchased it, and in refusing to allow final argument thereon by counsel. None of these enumerations of error is meritorious.

2. Objection is made to the charge of the court to the jury that it must determine the value of the land at the time of the taking, the objection being that it failed to give the jury the correct measure of damages to be applied in determining the amount due because of the imposition of the drainage easement and the construction easement, and it was confusing in that the jury was instructed to find the full market value of the land taken. Generally, the ultimate and only measure of damages to real property in a case such as here is its diminished market value. But see *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884, 20 ALR3d 1066), which is not controlling here. While the fee in the drainage easement was not taken yet the easement was a perpetual one, and since the court instructed the jury as to the measure of damages,

it was not required to go further and attempt to instruct the jury to find so much for the land taken in fee, so much for the construction easement, and so much for the drainage easement, the court having previously defined the two easements taken. Rather, the measure of damages is the diminished value of the land by reason of the taking. *Streyer v. Ga. Southern & F. R. Co.*, 90 Ga. 56 (15 SE 637); *City of Atlanta v. Atlas Realty Co.*, 17 Ga. App. 426 (87 SE 698); *State Hwy. Dept. v. Hood*, 118 Ga. App. 720 (165 SE2d 601).

3. Objection was made by counsel for the appellants to an answer by condemnee that it had already cost the defendants $600 in painting due to dust and grime as a result of the construction. There was no error in admitting this testimony. The cost of painting made necessary by construction was admissible for the purpose of throwing light upon the general question of the diminution of market value at the time of taking. *City Council of Augusta v. Schrameck*, 96 Ga. 426 (23 SE 400, 51 ASR 146). The cases of *State Hwy. Dept. v. Hollywood Baptist Church of Rome*, 112 Ga. App. 857 (146 SE2d 570) and *Hollywood Baptist Church of Rome v. State Hwy. Dept.*, 114 Ga. App. 98 (150 SE2d 271) are not applicable to this case. The ruling in those cases was as to evidence seeking to show future damage of a speculative nature. The present evidence does not seek future damages but shows permanent damage that has occurred and throws light upon the question of diminution of market value. It is not based on negligence as was alleged in the two Court of Appeals cases cited above.

4. Counsel has expressly waived the general grounds of the motion for new trial and no ruling will be made thereon.

5. "All judgments in this State shall bear lawful interest upon the principal amount recovered." *Code* § 57-108. The court, in rendering its judgment, subtracted the assessed damages from the verdict of the jury, and awarded interest at the rate of 7% per annum from the date of taking upon the balance which was then added to the judgment, but thereafter authorized interest on the entire amount of the judgment of principal and interest at the rate of 7% from the date of this judgment until paid. The case of *State Hwy. Dept. v. Godfrey*, 118 Ga. App. 560 (2) (164 SE2d 340), reversed the lower court in an indentical situation, declaring that the judgment provided for interest on interest. Therefore this

judgment is affirmed with direction that the lower court strike from its final decree the award of 7% interest from the date of the judgment on the interest portion until paid, providing in lieu thereof an award of interest at the rate of 7% on the principal alone but not upon the interest so determined.

*Judgment affirmed with direction. Pannell and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1969—DECIDED OCTOBER 23, 1969— REHEARING DENIED NOVEMBER 13, 1969—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Robert L. Royal, Oscar M. Smith, Deputy Assistant Attorneys General, John T. Minor, III,* for appellant.

*Mitchell & Mitchell, Coy H. Temples, Erwin Mitchell,* for appellees.