**ALYESKA PIPELINE SERVICE COMPANY, Appellant and Cross-Appellee,**

v.

**Whitten H. ANDERSON and Ronald R. Thomas, Appellees and Cross-Appellants.**

Nos. 6698, 6699.

Supreme Court of Alaska.

Aug. 26, 1983.

See also 629 P.2d 512.

Nelson G. Page, Charles P. Flynn, Burr, Pease & Kurtz, Anchorage, for appellant and cross-appellee.

Charles D. Silvey, Schaible, Staley, Delisio & Cook, Inc., Fairbanks, for appellees and cross-appellants.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and MOORE, Superior Court Judge.[*]

OPINION

PER CURIAM.

I

■ AS 09.30.070 does not provide for compound interest on judgments. We reached a similar conclusion in *In re Estate of Gregory,* 487 P.2d 59, 63–64 (Alaska 1971) with respect to AS 45.45.010(a)(1) (amended 1976, 1980). No basis exists for distinguishing these statutes with respect to the question of whether compound interest is permissible. Further, our conclusion is in accord with substantial case law from other jurisdictions. *E.g., Glenn v. Rice,* 174 Cal. 269, 162 P. 1020, 1023 (Cal.1917); *Giant Food, Inc. v. Jack I. Bender & Sons,* 399 A.2d 1293, 1304 (D.C.Cir.1979); *Dezen v. Slatcoff,* 65 So.2d 484, 485 (Fla.1953); *Lewis v. Stran-Steel Corp.,* 58 Ill.App.3d 280, 15

---

[*] Moore, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

Ill.Dec. 368, 373 N.E.2d 714, 716 (1978); *Hamilton v. Netherton,* 194 Kan. 683, 401 P.2d 657, 659 (1965); *Schwartz v. Piper Aircraft Corp.,* 90 Mich.App. 324, 282 N.W.2d 306, 309 (1979); *see also Gaskins v. Bonfils,* 85 F.2d 672 (10th Cir.1936); *State Highway Department v. Owens,* 120 Ga. App. 647, 171 S.E.2d 770, 772 (1969); *see generally* D. Dobbs, *Handbook on the Law of Remedies,* 164–65, 174–75 (1973). By contrast, the cases cited by Anderson and Thomas in favor of compound interest are not compelling. Anderson and Thomas cite three cases as supporting compound interest: *McNulty v. Copp,* 125 Cal.App.2d 697, 271 P.2d 90, 100 (1954); *Wilson Leasing Co. v. Seaway Pharmacal Corp.,* 53 Mich.App. 359, 220 N.W.2d 83, 86 (1974); and *Graybill v. Juniata County School District,* 21 Pa. Cmwlth. 630, 347 A.2d 524, 528 (1975). *McNulty* was based on cases allowing an award of compound interest where there is a showing of wrongdoing on the part of a trustee. *Wilson Leasing Co.* appears to have involved compound interest in the sense that judgment interest was allowed on a judgment amount which itself included interest. That leaves *Graybill,* which interpreted a statute providing "interest at six percentum (6%) per annum" on overdue salaries as leaving it to the trial judge's discretion to award either simple or compound interest. The trial judge's award of simple interest was held not an abuse of discretion.

The court thus erred in allowing compound interest on the judgment.

## II

■ The court correctly decided that the 1980 amendment to AS 09.30.070, raising the interest rate from 8% to 10.5%, did not apply to the judgment previously rendered in favor of Anderson and Thomas. The plain meaning of the amending Act, ch. 107, § 4, SLA 1980 so provides:

> The interest rate provided in sec. 1 of this Act applies only to those judgments rendered after the effective date of this Act.[1]

This interpretation is not a violation of state or federal equal protection guarantees. *Sperry & Hutchinson Co. v. Rhodes,* 220 U.S. 502, 505, 31 S.Ct. 490, 491, 55 L.Ed. 561, 563 (1911) ("[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time."); *Polelle v. Secretary of Health, Education & Welfare of the United States,* 386 F.Supp. 443, 444 n. 4 (N.D.Ill. 1974) ("Plaintiff's argument that making this amendment non-retroactive denies equal protection borders on the frivolous."); *see also Application of Brewer,* 430 P.2d 150, 153 (Alaska 1967) ("To make ... legislation prospective in operation only ... satisfies constitutional requirements of equal protection so long as the law in operating prospectively does not invidiously discriminate between different classes of persons").

**REVERSED IN PART, AFFIRMED IN PART.**

1. *Truckweld Equipment Co. v. Swenson Trucking & Excavating, Inc.,* 649 P.2d 234 (Alaska 1982) is not controlling authority to the contrary. In that case, the trial judge had awarded interest at the rate of 10.5% on a judgment rendered prior to the effective date of the 1980 amendment to AS 09.30.070. Counsel for Truckweld, who is counsel for Anderson and Thomas in this case, argued that interest on Swenson's judgment should not be 10.5% until after the effective date of the amendment. We accepted this argument. *Id.* at 240. However, neither counsel for Truckweld nor counsel for Swenson called to the court's attention the language of section 4 of the amendatory act, and we did not refer to it. Since the meaning of section 4 was not before us in *Truckweld,* the decision there can hardly be regarded as authority as to the effect of section 4.