(749 P.2d 1045)

No. 60,155

SHERRY WORNKEY, *Appellee,* v. STEVEN R. WORNKEY, *Appellant.*

Petition for review denied May 16, 1988.

Opinion filed February 4, 1988.

*Robert E. North,* of Watkins, Calcara & Rondeau, P.A., of Great Bend, for the appellant.

*Morgan Wright,* of Larned, for the appellee.

Before BRAZIL, P.J., SIX, J., and JACK L. BURR, District Judge, assigned.

SIX, J.: Plaintiff Sherry Wornkey brought this action to recover past due child support and to obtain a declaratory judgment. Sherry requested the trial court to determine that a 1975 Geary County order entered pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) did not nullify a prior Pawnee County support order from the parties' divorce. The trial court held that the Geary County URESA order did not nullify the Pawnee County support order and ordered the defendant, Steven Wornkey, to pay past due support totalling $11,158.08.

Steven appeals. He contends the trial court erred (1) in granting summary judgment, (2) in refusing to estop Sherry from asserting the predominance of the Pawnee County divorce decree order awarding child support, and (3) in computing the amount of past due child support.

This court finds no error in the trial court granting summary judgment enforcing the Pawnee County order and affirms that ruling. However, we find the trial court erred in determining the amount of past due child support. We remand for a determination of the proper amount of child support arrearages.

This case presents issues of first impression concerning the relationship between a URESA child support order and a prior divorce decree child support award.

On June 5, 1972, Sherry and Steven were divorced by the Pawnee County District Court. Sherry was granted custody of the couple's son Shawn (born August 4, 1971). Steven was ordered to pay child support in the amount of $125 per month or the full amount of Steven's dependency allotment available to Steven during his military service, whichever was greater.

In 1975, Steven was stationed at Fort Riley in Geary County and by March of that year was eight months behind on child support. On March 20, 1975, Sherry initiated an intrastate proceeding under URESA, K.S.A. 23-451 et seq., in Pawnee County. The petition and the court certification were sent to the District Court of Geary County, Kansas, which heard the matter on April 29, 1975.

At the Geary County hearing, Sherry did not appear but was represented by the assistant county attorney. Steven appeared pro se. Sherry's verified URESA petition was presented as evidence of Steven's duty of support. Steven orally moved for a reduction of child support. The court found that Steven owed $1,000 in back child support and ordered him to pay $75 per month child support, $25 to apply towards the arrearages and $50 to apply to present support. Once the arrearage was paid off, the child support would be $75. Steven has paid the $75 per month to Sherry for child support since the Geary County order was entered on April 29, 1975.

On May 2, 1986, Sherry filed this action in the Pawnee County District Court, seeking a declaratory judgment that the Geary County District Court's URESA order did not nullify the Pawnee County District Court's prior support order in the divorce decree. Sherry further requested the court award her the arrearages for the difference between the Geary County and Pawnee County orders.

Sherry moved for summary judgment. The trial court granted Sherry's motion, ruling that the Geary County order did not nullify or supersede the Pawnee County order. The trial court also granted Sherry's motion to revive the child support judgments dating back to August 31, 1979, and requested counsel to submit their calculations on the amount of arrearages. The court accepted Sherry's calculations and awarded her $11,158.08 in back child support.

## SUMMARY JUDGMENT

Steven first contends the trial court erred in granting summary judgment because there remained genuine issues of material fact.

Summary judgment should be entered only if there is no genuine issue as to any material fact after the party against whom the motion was filed has failed to controvert a showing by affidavit, deposition, or otherwise that the moving party is entitled to judgment. *Farmers Ins. Co. v. Schiller*, 226 Kan. 155, 158, 597 P.2d 238 (1979).

Steven contends two facts remain controverted: (1) whether Sherry's URESA petition mentioned the Pawnee County divorce decree; and (2) whether and when Sherry had notice of Steven's

oral motion to reduce the amount of Pawnee County child support at the Geary County URESA hearing.

As to Steven's first alleged controverted fact, we have examined Sherry's URESA petition and concluded that it does not mention the Pawnee County decree. Steven's contention that this is a controverted fact is without merit.

Steven also contends the issue of whether and when Sherry had notice of the oral motion to reduce child support involves controverted facts and is relevant to his estoppel defense. Steven's estoppel defense relates to Sherry's claim that the Geary County order was void because she did not have notice of Steven's oral motion to reduce child support. Steven claimed that Sherry should be estopped to claim the Geary County order was void because she had notice, either constructive or actual, of the oral motion.

Whether Sherry had notice of Steven's oral motion to reduce child support is irrelevant to the authority of the Geary County court to issue its order. As a general rule, a proceeding under URESA is an independent action to determine and enforce a duty of support. K.S.A. 23-453. *Thompson v. Kite*, 214 Kan. 700, 703, 522 P.2d 327 (1974). A responding court must "conform its support order to the amount allowed in the other action" only if the URESA petition makes a demand for the support awarded in a prior proceeding and the actions involved are contemporaneous or nearly contemporaneous. K.S.A. 23-479; *In re Marriage of Straeck*, 156 Cal. App. 3d 617, 624, 203 Cal. Rptr. 69 (1984); *State on Behalf of McDonnell v. McCutcheon*, 337 N.W.2d 645, 649 (Minn 1983); *Bjugan v. Bjugan*, 710 P.2d 213, 215-16 (Wyo. 1985). In this case, Sherry did not specifically request the $125 per month awarded by the Pawnee County District Court. Rather, Sherry merely requested a "fair and reasonable" amount of support. The authorities are legion that a responding court in a URESA action may enter a valid support order different from the order entered in a prior support action. See Annot., 31 A.L.R.4th 347, 356-57.

Because the Geary County District Court had the authority to enter an order of support different from that awarded in the divorce decree, and because Sherry merely requested a "fair and reasonable" award (as opposed to the $125 per month), her lack

of notice of Steven's oral motion to reduce the amount of child support does not render the Geary County District Court's order void. There is nothing to suggest that the amount awarded by the Geary County court was not "fair and reasonable." Sherry invoked the jurisdiction of the Geary County District Court to issue a "fair and reasonable" order of support. This is exactly what she received. The Geary County order is not void due to Sherry's lack of notice of Steven's oral motion to reduce support.

Steven contends that the trial court failed to make adequate findings of fact and conclusions of law to support its decision because it incorporates by reference the law as set out in Sherry's motion and brief for summary judgment.

There is no objection in the record to the trial court's findings and conclusions. A litigant must object to inadequate findings and conclusions at the trial court level in order to give the trial court an opportunity to correct them. *Burch v. Dodge*, 4 Kan. App. 2d 503, 507, 608 P.2d 1032 (1980). "In the absence of an objection, omissions in findings will not be considered on appeal." *Green v. Geer*, 239 Kan. 305, 311, 720 P.2d 656 (1986).

## EFFECT OF URESA ORDER

Steven contends the trial court erred in concluding that the Geary County District Court's URESA order did not modify the Pawnee County District Court's prior support order in the divorce decree. We disagree.

An initial question that must be addressed is whether one district court of this state may, in a URESA action, supersede another district court's support order issued under K.S.A. 60-1610(a) (Weeks). The trial court concluded that the Geary County court could not and did not nullify the Pawnee County order.

In *Nixon v. Nixon*, 226 Kan. 218, 596 P.2d 1238 (1979), the court held:

" 'A court, which, in an action for divorce, makes an order, under the provisions of K.S.A. 60-1610(a), providing for the support of a minor child, retains jurisdiction of the matter of support to the exclusion of the jurisdiction of other courts of coordinate jurisdiction of this state.' " 226 Kan. at 221 (quoting *Wheeler v. Wheeler*, 196 Kan. 697, Syl. ¶ 2, 414 P.2d 1 [1966]).

At the time *Nixon* and *Wheeler* were decided, 60-1610(a) provided:

"The court shall make provisions for the support and education of the minor children, and may modify or change any order in connection therewith at any time, and *shall always* have jurisdiction to make any such order to advance the welfare of a minor child if (*i*) the child is physically present in the county, or (*ii*) domicile of the child is in the state, or (*iii*) the court has previously exercised jurisdiction to determine the custody or care of a child who was at such time domiciled in the state." (Emphasis added.)

Since the *Nixon* case, 60-1610(a) has been amended to read as follows:

"The court shall make provisions for the support and education of the minor children. The court *may* modify or change any prior order when a material change in circumstances is shown, irrespective of the present domicile of the child or the parents." (Emphasis added.) K.S.A. 1987 Supp. 60-1610(a)(1).

We note that the language of the prior version of 60-1610(a) giving the divorce court exclusive continuing jurisdiction was removed in 1982. L. 1982, ch. 152, § 9. However, because the Geary County order was issued in 1975, we must apply the law existing at that time in determining whether the Geary County District Court had jurisdiction to modify the prior order.

K.S.A. 23-482 provides that a URESA action may be used "if both the obligee and the obligor are in this state but in different counties." Except in the limited situations noted herein, the responding court (here, the Geary County District Court) may make its own determination as to the proper amount of support and enter an order awarding the obligee an award less than, greater than, or equal to a prior support order. K.S.A. 23-473; K.S.A. 23-480; *State on Behalf of McDonnell v. McCutcheon,* 337 N.W.2d 645; and see cases cited in Annot., 31 A.L.R.4th at 356-57. Consequently, we hold that the Geary County District Court had jurisdiction to issue a URESA support order, even though the Pawnee County District Court had initially ordered support under 60-1610.

Sherry contends that *Wheeler v. Wheeler,* 196 Kan. 697, establishes that the Geary County District Court had no jurisdiction to modify the Pawnee County decree. Upon initial inquiry, *Wheeler* would seem to be controlling. *Wheeler* held that one Kansas district court, acting as the responding court in an interstate URESA proceeding, lacked jurisdiction to supersede an order of child support of the divorce decree of another Kansas

district court. However, further analysis reveals that *Wheeler* is distinguishable in that it was decided under the prior version of URESA. The prior version of URESA did not specifically provide for intrastate application and thus did not allow one Kansas district court to modify the support order of another Kansas district court. See K.S.A. 23-419 *et seq.*(Corrick).

The question remains whether the Geary County order modified or nullified the Pawnee County order. The effect of the URESA order on the prior support order is discussed in K.S.A. 23-480:

"A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, *unless otherwise specifically provided by the court.*" (Emphasis added.)

Under the express provisions of K.S.A. 23-480, the URESA order does not nullify the previous support order unless the URESA order specifically so provides. See *In re Marriage of Popenhager*, 99 Cal. App. 3d 514, 521-23, 160 Cal. Rptr. 379 (1979); *In re Marriage of Enewold*, 709 P.2d 1385, 1387 (Colo. App. 1985); *Nomer v. Kossman*, 100 Idaho 898, 902, 606 P.2d 1002 (1980); *Faribault-Martin-Watonwan v. Jacobson*, 363 N.W.2d 342, 345 (Minn. App. 1985); *Campbell v. Jenne*, 172 Mont. 219, 223-24, 563 P.2d 574 (1977); *Coogan v. Fennell*, 379 N.W.2d 791, 796 (N.D. 1985); *Thompson v. Thompson*, 366 N.W.2d 845, 847-48 (S.D. 1985); *Cass v. Lassiter*, 2 Va. App. 273, 279, 343 S.E.2d 470 (1986); *Bjugan v. Bjugan*, 710 P.2d at 216.

The Geary County District Court's URESA order did not nullify the Pawnee County District Court's support order. Indeed, the Geary County order does not mention the Pawnee County order. Because the Geary County order did not specifically provide that it was nullifying the Pawnee County order, the Pawnee County order remained enforceable and valid. The trial court did not err in concluding that the Geary County order did not modify the Pawnee County order.

## LACHES AND ESTOPPEL

Steven contends that Sherry, by her laches, should be barred from bringing this suit to collect back child support. We disagree.

In *Strecker v. Wilkinson*, 220 Kan. 292, 552 P.2d 979 (1976), a

divorce decree initially ordered the father to pay his former wife $25 per week child support, which was later reduced to $10.00 per week. The wife moved to Texas and denied the father visitation rights. She later fled to California. The father obtained an order from the Kansas district court stating that the child support obligation had been terminated. Seven years later, while the child was still a minor, the mother brought an action to recover back child support due under the modified order. The Supreme Court rejected the father's argument that the mother's action was barred by laches, reasoning that support of children is a matter of important social concern. Child support is an obligation a parent owes the state and the children. This obligation, the court stated, continues through the child's minority, and an action to enforce the obligation may be brought at any time during the child's minority. 220 Kan. at 298. Under the facts and circumstances of *Strecker*, the court concluded that the mother's action for past support was not barred by laches. 220 Kan. at 298-99.

The facts under review by this court are similar to the facts of *Strecker*. In both cases, the child was a minor at the time the mother instituted the action for back child support. Further, the father in *Strecker* ostensibly relied upon the Kansas order terminating his child support obligation, much like Steven in this case obstensibly relied upon the Geary County order. Because of the similarity of facts between this case and *Strecker* and the strong public policy requiring parents to support their children, we hold the trial court did nor err in concluding the doctrine of laches did not bar Sherry's claim.

The Nevada Supreme Court held that a mother was not estopped from enforcing the child support provisions of a divorce decree, even though the father had complied with and the mother had accepted payments in accordance with a URESA order awarding a lower amount of support. *Foster v. Marshman*, 96 Nev. 475, 478-79, 611 P.2d 197 (1980). In *Faribault-Martin-Watonwan v. Jacobson*, 363 N.W.2d at 346, the court reached a similar conclusion. The trial court did not err in rejecting Steven's estoppel defense.

## AMOUNT OF ARREARAGE

Steven contends the trial court erred in computing the amount of past due child support. We agree.

After the trial court determined that the Geary County order did not modify the Pawnee County order, it asked the parties to submit calculations to determine the amount of past due child support. Sherry had filed a motion for revivor of judgments, extending Steven's liability for support to August 31, 1979.

Sherry concluded the amount of back child support and interest totalled $11,158.08. Sherry arrived at this figure by applying $50 of the $75 Steven was paying to current support, and the other $25 to past due support. Because the initial $125 support order was never modified, Sherry contended the $1,000 arrearage continued to grow and was never paid off. Thus, Sherry concluded that Steven's monthly deficiency for the seven years of non-dormant judgments was $75 per month. To this $75 monthly debt, Sherry added interest compounded monthly, applying the rates prescribed by K.S.A. 1987 Supp. 16-204. For the succeeding months, Sherry added the $75 monthly deficiency to the prior month's deficiency and interest and added interest compounded monthly to that amount.

Steven calculated the amount of back support to be $4,200 and the interest thereon to be $2,118.39. Steven arrived at this amount by applying the $75 monthly payments to current support, leaving a $50 per month deficiency. Multiplying the $50 per month deficiency times 84 months (seven years), Steven determined the principal to be $4,200. Steven added to this amount the simple interest on each of the 84 judgments, applying the rates prescribed by K.S.A. 1987 Supp. 16-204.

The trial court adopted Sherry's calculations. In so doing, the trial court erred for two reasons.

First, regarding the computation of interest, it is settled that interest on judgments may not be compounded. A judgment creditor may only receive simple interest on an award. *Hamilton v. Netherton*, 194 Kan. 683, 685, 401 P.2d 657 (1965).

Second, the trial court erred in accepting Sherry's argument that there existed a $75 per month deficiency. Under the Pawnee County order, Steven was ordered to pay $125 per month in support. Later, after Steven owed $1,000 in past due support, the Geary County court ordered him to pay $75 per month. Initially, $25 of the $75 payment was to be used to pay off the $1,000

deficiency, and the other $50 was for current support. After the $1,000 was paid off, the amount of current support was to be the entire $75 per month. The trial court concluded that the $1,000 was never paid off because it grew monthly during the time in which Steven paid only $75 per month. This, we hold, is error. In *Dallas v. Dallas*, 236 Kan. 92, 95, 689 P.2d 1184 (1984), the court held that underpayments in child support are credited against *current* support and deficiencies constitute separate judgments and separately collect interest at the statutory rate.

On remand, we instruct the trial court to determine the amount of arrearages as follows: First, the trial court must determine at what point in time Steven paid off the $1,000 judgment plus the interest on that judgment. On April 29, 1975, Steven was ordered to pay off the $1,000 judgment in $25 monthly installments. If that judgment was paid off before August 31, 1979 (the date of the first non-dormant judgment), then the trial court should credit the entire $75 per month payment against Steven's current support obligation of $125, leaving a monthly deficiency of $50. If the $1,000 judgment plus interest was not paid off until some point after August 31, 1979, the trial court should apply $25 of Steven's $75 monthly payments until the judgment is satisfied. Thereafter, the court should apply the entire $75 to current support. *Dallas*, 236 Kan. at 95.

We affirm the trial court's sustaining of Sherry's motion for summary judgment enforcing the Pawnee County divorce decree order for child support. We reverse the trial court's ruling as to the amount of back child support awarded and remand with instructions to determine the proper amount of arrearages.

Affirmed in part, reversed in part, and remanded with instructions.