(No. 64924.—

*In re* MARRIAGE OF JANICE GIFFORD, Appellee, and ROBERT GIFFORD, Appellant.

*Opinion filed March 23, 1988.*

David M. Mattenson and William J. Arendt, of Kanter & Mattenson, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Mark S. Romano and David M. Lavin, Assistant State's Attorneys, of counsel), for appellee.

CHIEF JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Janice Gifford, filed a post-decree petition in the circuit court of Cook County alleging that defendant, Robert Gifford, was in arrears in child support payments pursuant to the terms of their Illinois marital dissolution judgment. The parties were divorced in Illinois in 1982 and shortly thereafter the defendant moved to Michigan and stopped making child support payments. Plaintiff then filed a Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1983, ch. 40, par. 1201 *et seq.*) petition in Illinois seeking to compel payment of child support by defendant in the State of Michigan. The Michigan court found that defendant owed a

duty of support but it prospectively lowered the defendant's support obligations. The plaintiff later filed the present action in which she seeks to collect arrearages owing pursuant to the Illinois marital dissolution judgment. The trial court found that the Michigan support order did not modify the Illinois marital dissolution judgment and held that defendant was $20,865 in arrears. The appellate court affirmed. (152 Ill. App. 3d 422.) Appeal is taken to this court pursuant to our Rule 315. 107 Ill. 2d R. 315.

A single issue is present for our consideration: whether the Michigan support order issued pursuant to Michigan's URESA statute modified or superseded the original Illinois order of support.

Plaintiff and defendant were married in Michigan in 1973. They later moved to Illinois, where they were divorced in January 1982. Pursuant to the terms of that dissolution judgment, defendant was ordered to pay 35% of his gross income or $154.43 per week for the support of their three minor children. The defendant subsequently moved to Kalamazoo, Michigan, and ceased making child support payments.

In July 1982, plaintiff filed a URESA petition in the circuit court of Cook County to enforce the support order. The petition was forwarded to the circuit court of Kalamazoo, Michigan. After a hearing, the Michigan court entered an order finding that defendant was unable to comply with his duty of support because he was unemployed. The following year, the circuit court of Berrien County, Michigan, entered a prospective support order finding that defendant had become employed and directing him to pay $45 per week for support. The plaintiff later filed the present petition for judgment alleging that an arrearage in excess of $18,400 had accrued under the Illinois support order.

In Michigan, "URESA provides a means by which out-of-state dependents or their surrogates may seek to obtain and/or enforce court ordered child support." (*San Joaquin County, California v. Dewey* (1981), 105 Mich. App. 122, 127, 306 N.W.2d 418, 420.) The purpose of URESA is "to improve and extend by reciprocal legislation the enforcement of duties of support." (Mich. Comp. Laws Ann. §780.152 (West 1982).) Enforceable duties of support are defined as "those imposed or imposable under the laws of any state where the alleged obligor was present during the period for which support is sought" and "[t]he obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." (Mich. Comp. Laws Ann. §780.158 (West 1982).) If a Michigan court, acting as the responding State court, finds that a duty of support exists, it then has the discretion to order the obligor to make payments. (Mich. Comp. Laws Ann. §780.164 (West 1982); *San Joaquin County, California v. Dewey* (1981), 105 Mich. App. 122, 127, 306 N.W.2d 418, 420.) Moreover, the Michigan court has the power to set an amount of support which differs from the support order of the initiating State. (*Fitzwater v. Fitzwater* (1980), 97 Mich. App. 92, 294 N.W.2d 249.) Michigan's URESA statute "permits Michigan courts to modify a foreign support decree or judgment where Michigan is responding to a petition brought by an initiating state for enforcement of a prior support decree." *Fitzwater v. Fitzwater* (1980), 97 Mich. App. 92, 96, 294 N.W.2d 249, 251.

Where a Michigan support order is at variance with the support order of the initiating State, the antisupersession clause of URESA provides:

> "Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or sepa-

rate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." Mich. Comp. Laws Ann. §780.171 (West 1982).

The defendant argues that the antisupersession clause was only meant to apply to vested arrearages. That is, the antisupersession clause only prevents the responding court from entering a support order which modifies or supersedes the vested arrearage as determined by the original order of support. It does not, he contends, interfere with the court's authority to prospectively modify the original order of support. As such, he maintains that the Michigan support order here is a valid judgment to which Illinois must grant full faith and credit.

The plaintiff argues that the Michigan support order is not entitled to full faith and credit since the antisupersession clause, by its terms, deprives the Michigan court of subject matter jurisdiction to prospectively modify the original order of support. The plaintiff contends that since there is nothing in the language of the antisupersession clause to suggest that it only applies to vested arrearages, it must be held to apply to prospective support orders as well. Moreover, plaintiff notes that the very purpose of a URESA proceeding is to provide an additional means to enforce duties of support and therefore it is not the proper forum to litigate a binding modification of the underlying support order. Thus, she maintains that the Michigan support order did not constitute a modification of the Illinois divorce decree but that amounts paid under the Michigan order are only to be credited to the Illinois judgment. We agree.

In our view, the plain language of the antisupersession clause is controlling and clearly provides that a support order issued pursuant to URESA does not supersede any previous order of support. We can find no

support for the defendant's naked assertion that the clause was intended to apply only to vested arrearages. In a similar context, the Nevada Supreme Court rejected the obligor's argument that a subsequent URESA order modified the original decree and stated that the antisupersession clause "means exactly what it says." (*Peot v. Peot* (1976), 92 Nev. 388, 390, 551 P.2d 242, 244.) Moreover, as the plaintiff correctly notes, the purpose of a URESA proceeding is to provide an additional and separate means for obligees to enforce child support obligations. Indeed, this is expressly acknowledged in Michigan's URESA statute, which states that "[t]he remedies herein provided are in addition to and not in substitution for any other remedies." (Mich. Comp. Laws Ann. §780.154 (West 1982).) As such, if a URESA support order constituted a binding modification of the underlying decree then the legislature's laudable objective of providing an additional remedy would be thwarted. Thus, we hold that the Michigan order of support did not effect a modification of the Illinois divorce decree.

We also note that our holding appears to be in accord with every jurisdiction which has considered this issue. See, *e.g.*, *Howard v. Howard* (Miss. 1966), 191 So. 2d 528, 531 ("an order of support in effect prior to the initiation of proceedings under the Uniform Act is not superseded by a subsequent order of support issued by the court of a responding state"); *Westberry v. Reynolds* (1982), 134 Ariz. 29, 32, 653 P.2d 379, 382; *Oglesby v. Oglesby* (1973), 29 Utah 2d 419, 420, 510 P.2d 1106, 1107 ("It is true that under these acts a 'responding' state (Washington) may set a different amount that the 'obligor' (defendant) must pay, and in that sense there is a 'modification' of an *amount*, but we do not believe and do not hold that the *decree* of the 'initiating' state (Utah) was modified, vacated, reformed or eliminated" (emphasis in original)); *Ray v. Ray* (1981), 247 Ga. 467, 469, 277

S.E.2d 495, 496; *Thompson v. Thompson* (S.D. 1985), 366 N.W.2d 845, 847; *Jaramillo v. Jaramillo* (1980), 27 Wash. App. 391, 393-94, 618 P.2d 528, 529; *Despain v. Despain* (1956), 78 Idaho 185, 190, 300 P.2d 500, 503 ("the authority of the court originally ordering payment is not affected or is its order modified by an order of the court of the responding state fixing another or different sum"); *Campbell v. Jenne* (1977), 172 Mont. 219, 222-23, 563 P.2d 574, 576-77; *Peot v. Peot* (1976), 92 Nev. 388, 390, 551 P.2d 242, 244; *In re Marriage of Popenhager* (1979), 99 Cal. App. 3d 514, 522, 160 Cal. Rptr. 379, 383-84; *D.L.M. v. V.E.M.* (Ind. App. 1982), 438 N.E.2d 1023, 1029 ("the initiating state is not required to grant full faith and credit to the support orders of a responding state when the initiating state considers a subsequent petition for modification or calculates arrearages due under the divorce decree"); *Lanum v. Lanum* (1983), 92 A.D. 2d 912, 912, 460 N.Y.S.2d 344, 345; *Hamilton v. Hamilton* (Ky. App. 1972), 476 S.W.2d 197, 200; *Nissen v. Miller* (Tenn. App. 1982), 642 S.W.2d 428. See also Annotation, 31 A.L.R. 4th §6, at 347 (1984).

As stated above, Michigan's antisupersession clause provides that a responding court may set an amount of support which differs from that in the original support order while not modifying or superseding the original order. The obligor is entitled, however, to a credit on the original decree for amounts paid under the reciprocal support order. Here, the record is unclear as to whether the defendant was properly credited with the amounts he paid pursuant to the Michigan support order; accordingly, the cause must be remanded to the trial court for that determination.

For the reasons stated, the judgment of the appellate court is affirmed in part and reversed in part, the judgment of the circuit court is affirmed in part and reversed in part, and the cause is remanded to the circuit court of

Cook County for further proceedings not inconsistent with the views expressed in this opinion.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part; cause remanded.*