*In re* MARRIAGE OF MARVIN S. HEAD, Petitioner-Appellee, and EVELYN J. HEAD, Respondent-Appellant.

Second District   No. 2—88—1222

Opinion filed August 18, 1989.

Peter M. Schlax, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant.

Robert L. Snook, Jr., of Law Offices of Robert L. Snook, of Waukegan, for appellee.

JUSTICE NASH delivered the opinion of the court:

Respondent, Evelyn Head, appeals from an order of the circuit court which denied her petition for child support arrearages against petitioner, Marvin Head. On appeal, Evelyn contends that a Kansas district court's order issued pursuant to the revised Uniform Recipro-

cal Enforcement of Support Act (Uniform Support Act) (Kan. Stat. Ann. §23—451 *et seq.* (1988); compare with Ill. Rev. Stat. 1987, ch. 40, par. 1201 *et seq.*) did not modify or nullify an original Illinois support order which was entered when the parties dissolved their marriage.

On September 21, 1981, Evelyn and Marvin obtained the dissolution of their 22-year marriage in the circuit court of Lake County, Illinois. Both parties and the circuit court approved a marriage separation agreement which, in the relevant part, provided:

> "That MARVIN S. HEAD shall pay to EVELYN J. HEAD the sum of $541.67 per month as and for support of the minor children, and said sum shall be reduced to $433.33 per month upon the emancipation, marriage or attainment of majority by the eldest child. Said payment for the support and maintenance of the minor children shall commence on the first day of the month immediately following the entry of any Judgment for Dissolution of this marriage that may be entered by the Court. Further, MARVIN S. HEAD shall have the right to claim the children as exemptions on his Income Tax Returns for the Federal tax as well as the State of Illinois Tax, and EVELYN J. HEAD will sign any necessary forms to approve such exemptions."

Marvin failed to make support payments to Evelyn, and she then sought to enforce the support provision of the 1981 separation agreement by instituting a variety of court proceedings against him which included wage garnishment petitions, petitions for a rule to show cause, and a support arrearage petition. In February 1983, Evelyn filed a petition for support arrearages and an affidavit of arrearages pursuant to the Uniform Support Act (Ill. Rev. Stat. 1983, ch. 40, par. 1201 *et seq.*). The petition alleged that Marvin was $7,278.17 in arrears based on the 1981 separation agreement in which he had agreed to pay $541.67 per month in support. Evelyn's petition requested that she be awarded prospective support of $541.67 per month, or whatever amount the court deemed fair and reasonable, together with any other relief provided for by law. In her petition, Evelyn claimed both of the parties' children as dependents although the eldest child, Wanda, had become emancipated in February 1982.

Evelyn's petition was sent to the clerk of the district court of Sedgwick County, Kansas, where Marvin resided, and Judge John Foulston of that court ordered him to appear for an April 11, 1983, hearing on the petition. Marvin was personally served with that order on February 22, 1983. When Marvin failed to appear at the April

hearing, Judge Foulston entered a judgment in Evelyn's favor which directed Marvin to make prospective support payments of $250 per month and to make arrearage payments of $50 per month beginning May 1, 1983.

In June 1988, Evelyn filed a petition for support arrearages in the Lake County, Illinois, circuit court. At the hearing, Marvin argued that the petition for support arrearages based on the 1981 judgment should be denied because the circuit court was obligated to give full faith and credit to the Kansas judgment. After the hearing was concluded, the circuit court made the following findings:

"1. That on February 7, 1983, Evelyn Head caused to be filed in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, a Petition for Support under the Uniform Reciptrocal [sic] Support Enforcement Act, said Petition bearing General Number 83—R—38.

2. That in her prayer for relief in said Petition, Evelyn Head requested an Order of Support, 'directed to said Respondent for $541.67 per month or what may be deemed to be fair and reasonable, and for such further relief as the law provides.'

a. The amount requested of $541.67 was incorrect as only one child remained emanceped [sic].

3. That by filing a Petition with the above-quoted language, Evelyn Head authorized a modification of the child support order originally set forth in the Judgment for Dissolution entered 9/21/81 in the above-captioned matter for purposes of URESA.

4. That on April 18, 1983, Judge John E. Foulston of the 18th Judicial District, District Court, Sedgwick County, Kansas, Domestic Department in Case NO. 83—R—38 found that Respondent Marvin Stanley Head should pay continuing child support in the sum of $230.00 per month, and so ordered such payments to commence May 1, 1983.

5. That for Evelyn Head to now assert a child support arrearage based upon the originally ordered monthly child support amount would permit a fraud upon the Court.

6. That Evelyn Head is estopped from petitioning for a Judgment for child support arrearage based upon the Judgment for Dissolution entered in this matter on 9/21/81.

7. That between 12/1/82 and 9/19/88 there was owing to Evelyn Head in child support $15,965.00.

8. That from 12/1/82 to 9/19/88 there was due and owing

to Evelyn Head for maintenance $20,700.00.

9. That from 12/1/82 to 9/19/88 there was due and owing to Evelyn Head for a marital property settlement $6,900.00

10. That from 12/1/82 to 9/19/88 Respondent, Marvin Head, has made payments to Evelyn Head totaling $31,158.70.

11. That from 12/1/82 to 9/19/88 there is a resulting, combined arrearage for child support, maintenance and a marital property settlement totaling $12,407.00."

A judgment of $12,407 was entered against Marvin, and Evelyn appeals from that order.

The sole issue raised on appeal is whether the Kansas support order issued pursuant to Kansas' Uniform Support Act modified or superseded the original 1981 Illinois order of support. A similar issue was raised in *In re Marriage of Gifford* (1988), 122 Ill. 2d 34, 521 N.E.2d 929. In *Gifford*, our supreme court was confronted with the issue of whether a Michigan support order issued pursuant to Michigan's Uniform Support Act modified or superseded an order of support which was initially entered in Illinois. (*Gifford*, 122 Ill. 2d at 36, 521 N.E.2d at 929.) To resolve that issue, our supreme court applied the antisupersession clause of Michigan's Uniform Support Act, and we begin our analysis with the antisupersession clause of Kansas' Uniform Support Act.

■ In relevant part, section 23—480 of the Kansas Statutes Annotated provides:

"A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or *by a support order made by a court of any other state pursuant to a substantially similar act or any other law,* regardless of priority of issuance, *unless otherwise specifically provided by the court.*" (Emphasis added.) (Kan. Stat. Ann. §23—480 (1988).)

We note that section 23—480 is identical to section 31 of the Uniform Support Act (Ill. Rev. Stat. 1983, ch. 40, par. 1231). According to the express provisions of section 23—480, an order entered pursuant to the Uniform Support Act does not nullify a previous support order unless such order specifically so provides. (*Wornkey v. Wornkey* (1988), 12 Kan. App. 2d 506, 512, 749 P.2d 1045, 1050.) Therefore, an antisupersession clause allows a responding court to set an amount of support which differs from that set in the original support order while not modifying or superseding the original order. See *Gifford*, 122 Ill. 2d at 40, 521 N.E.2d at 431.

Marvin cites *Sullivan v. Sullivan* (1981), 98 Ill. App. 3d 928, 424 N.E.2d 957, for the proposition that under the Uniform Support Act, an Illinois court must give full faith and credit to a responding State's modification order where that order is based on a finding of changed circumstances. He argues that because there was a change of circumstances in this case by reason of the emancipation of the parties' eldest child, we should uphold the Kansas district court's order as a modification of the 1981 Illinois separation agreement.

■ The record does not support Marvin's assertion that the Kansas court modified the 1981 separation agreement based on a change in circumstances. The Kansas court's order does not state that it intended to nullify the 1981 Illinois support order, nor does it set forth any of the reasons for which Marvin's support obligation was there reduced. In the absence of a clear statement of an intent to nullify a prior support order, we consider the Kansas district court's order as merely providing Evelyn with an additional and separate means for enforcing Marvin's support obligations. See *Wornkey*, 12 Kan. App. 2d at 512, 749 P.2d at 1050.

We conclude that the circuit court erred when it found that Evelyn authorized a modification of Marvin's support obligations under the Uniform Support Act and that she was estopped from pursuing her rights under the 1981 separation agreement. That portion of the circuit court's order which denied Evelyn recovery for arrearages due under the 1981 separation agreement must be reversed.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and REINHARD, JJ., concur.