*In re* MARRIAGE OF CASEY (The Department of Public Aid, Intervenor-Appellant, v. Leon R. Casey, Respondent-Appellee).

Third District No. 3—89—0276

Opinion filed May 22, 1990.

Neil F. Hartigan, Attorney General, of Springfield (William H. London, Assistant Attorney General, of Chicago, of counsel), for appellant.

Ronald Caneva, of Lockport, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The trial court denied the intervenor Illinois Department of Public Aid's (Department's) petition for rule to show cause why the respondent, Leon Casey, should not be held in contempt for failing to pay $120 in weekly support to the petitioner, Patricia Casey. The trial court also modified the amount of support the respondent was required to pay under the parties' divorce judgment and reduced the amount of his arrearage under that judgment. The Department appeals.

The record reveals that on January 31, 1978, the parties were granted a judgment for the dissolution of their marriage. Pursuant to the judgment, the respondent was ordered to pay the petitioner $80 per week in child support and $40 per week in maintenance.

In 1981, the Department brought an action under the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1987, ch. 40, par. 1201 et seq.) on behalf of the petitioner to compel the payment of the respondent's support obligations. Following a hearing, the trial court found that, based upon the respondent's income at the time, he was only required to pay "$40 per week current support."

On December 22, 1988, the Department filed a petition to intervene, seeking modification of the support order granted in the divorce judgment. The Department also filed a petition for rule to show cause. The second petition alleged that under the divorce judgment the respondent was ordered to pay $120 in support and maintenance to the petitioner, and that as of October 19, 1988, he was $41,960 in arrears.

The trial court granted the Department's petition to intervene, but denied its petition for rule to show cause. In denying the petition, the court found that based upon the judgment rendered in the URESA proceeding, the respondent was only required to pay $40 per week and not the $120 ordered in the divorce judgment. The court further found that at the rate of $40 per week, the respondent's total arrearage was $11,140. The court ordered the respondent to continue paying $40 per week and nothing toward the arrearage.

The Department argues on appeal that the trial court erred in modifying the underlying divorce judgment based solely upon the URESA judgment, since by law that judgment could not supersede or modify the divorce judgment. We agree.

██ ■ A URESA proceeding is a separate, independent action to enforce support obligations, and remedies provided under the act are in addition to and not in substitution of any other remedies. (*People ex*

*rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278.) Section 31 of URESA provides in relevant part: "A support order made by a court of this State pursuant to this Act does not nullify and is not nullified by a support order made by a court of this State pursuant to any other law or by a support order made by a court of any other state ***. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this State." Ill. Rev. Stat. 1987, ch. 40, par. 1231.

■■ Under URESA, a responding court may enter a decree for an amount of prospective child support that differs from the amount previously ordered by the initiating court. (*Sullivan v. Sullivan* (1981), 98 Ill. App. 3d 928, 424 N.E.2d 957.) However, a support order issued pursuant to URESA does not supersede any previous order of support. *In re Marriage of Gifford* (1988), 122 Ill. 2d 34, 521 N.E.2d 929.

■■ In the instant case, the trial court relied solely upon the URESA judgment in reaching its decision. It failed to consider the respondent's support obligations under the prior divorce judgment, which was not in any way modified or superseded by the subsequent judgment rendered in the URESA proceeding. Though the respondent is entitled to a credit against the amount of arrearage due under the divorce judgment for the support he paid under the URESA judgment, his original obligations under the divorce judgment remain and any arrearage continues accumulating. (See *In re Marriage of Gifford* (1988), 122 Ill. 2d 34, 521 N.E.2d 929.) Therefore, we find that the trial court erred when it relied upon the URESA judgment to modify the respondent's support obligations under the divorce judgment.

The judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE, P.J., and SCOTT, J., concur.