*573 MEMORANDUM *
In Sea Hawk Seafoods, Inc. v. Exxon Corp. (In re Exxon Valdez), 484 F.3d 1098, 1102 (9th Cir.2007), we held that Alaska law, not federal law, supplied the rate of prejudgment interest for the settlement agreement between Plaintiff Sea Hawk Seafoods and Defendant Exxon Mobil Corp. We remanded to the district court for further proceedings so it could decide whether the rate should be simple or compound. Id. at 1103.
Under Alaska law, statutory interest is simple interest unless the parties agree to compounding. Alaska Stat. § 09.30.070(a); Alyeska Pipeline Serv. Co. v. Anderson, 669 P.2d 956 (Alaska 1983) (per curiam). After taking evidence and hearing arguments, the district court found that the parties did not agree to compounding. That finding is not clearly erroneous. See Stephens v. City of Vista, 994 F.2d 650, 655 (9th Cir.1993) (noting that when the interpretation of a contract includes review of factual extrinsic evidence, the findings of fact are reviewed for clear error).
Although a letter from Exxon to Sea Hawk stated in part that the parties “agreed that prejudgment interest will be compounded annually,” that statement appeared in the context of a ruling by the district court that the federal interest rate applied. The remainder of the letter suggests that the parties made them entire agreement in the light of that ruling and, therefore, in the expectation that federal law governed.
Moreover, the district court did not abuse its discretion, see Engquist v. Or. Dep’t of Agrie., 478 F.3d 985, 1000 (9th Cir.2007), in refusing to invoke judicial estoppel against Exxon. Although the court recognized that Exxon had previously taken the position that it had voluntarily agreed to compound interest, the court understood the agreement to be limited to federal law. That is, the court was not misled. See New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.