Alice F. MORTON (Shoemaker), Plaintiff–Appellant,

v.

Clifton E. MORTON, Defendant–Respondent.

No. 16705.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 16, 1990.

William J. Fleischaker, Roberts, Fleischaker & Williams, Joplin, for plaintiff-appellant.

James F. DeNeen, Joplin, for defendant-respondent.

PARRISH, Presiding Judge.

This is an appeal from an order denying a motion to modify the amount of child support awarded by a prior dissolution of marriage decree. This court reverses and remands.

Alice Morton and Clifton Morton were married November 10, 1970. That marriage was dissolved by a decree entered in the Circuit Court of Jasper County September 4, 1975. Custody of the minor, unemancipated child of the parties, Shane, was awarded to Alice. Clifton was ordered to pay child support in the amount of $29 per week.

Sometime after the dissolution of marriage, Alice moved to Colorado. Shane went with her. In 1986 Alice initiated proceedings in Colorado, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA),[1] to collect child support from

---

1. The Uniform Reciprocal Enforcement of Support Act (URESA), as adopted by Missouri, is found in §§ 454.010 to .360, RSMo 1986. The applicable Missouri law at the time Alice initi-ated the Colorado proceedings May 1, 1986, with respect to URESA, was RSMo Supp.1984. No changes appear in §§ 454.010 to .360, RSMo 1986, from those statutes as they appear in

Clifton. Copies of the URESA petition were transmitted to Missouri, the state in which Clifton, the respondent in the URESA proceeding, resided. The URESA proceeding was prosecuted in Missouri, the responding state. § 454.180. Determinations were made of the issues presented in the URESA action and written findings of fact and conclusions of law were filed. The court which heard the URESA action entered an order of support at the conclusion of its findings of fact and conclusions of law finding a "[j]udgment" against Clifton for an arrearage in child support payments and "a continuing judgment for $100.00 per month as and for support of the minor child." § 454.200.

Alice filed the motion to modify that is the subject of this appeal March 15, 1988, by which she sought, among other things,[2] an increase in the amount of child support that the original dissolution decree ordered Clifton to pay. The trial court overruled the motion to modify the amount of child support finding:

(1) [t]hat [Alice] commenced an action pursuant to the *Uniform Reciprocal Enforcement of Support Act* (URESA) on May 1, 1986 in Jasper County, Missouri and said case was filed as CV186–459DR;

(2) that the issues of child support amounts originally ordered by the Court in the instant case in the amount of $29.00 per week and the alleged agreement between the parties that the child support should be paid by [Clifton] in the amount of $100.00 per month were before the Court in Case No. CV186–459DR;

(3) that [Alice] was present by counsel and [Clifton] was present in person and trial was conducted which resulted in a judgment of this Court dated September 30, 1987 that was specifically supported by findings of fact, conclusions of law, and specific orders of payment that resulted in a modification of the decree of this Court in the instant case as it affect-

ed child support and said child support was set at $100.00 per month effective September 30, 1987;

(4) that [Clifton] has paid his obligation in full and is current in his payments as ordered by the Court in Case No. CV186–459DR;

(5) that [Alice] has failed to meet her burden under § 452.370 RSMo. and § 452.340 RSMo. of proving changed circumstances so substantial and continuing as to make the terms of the decree entered on September 30, 1987 unreasonable.

Alice presents one point on appeal. She contends that the trial court erred in finding that she failed to prove "changed circumstances so substantial and continuing as to make the terms of the prior decree unreasonable." Alice argues that she presented evidence of a change of circumstances since the date of the decree of dissolution of marriage, September 4, 1975, so as to show the terms of that decree unreasonable. She argues that the trial court erroneously considered evidence that related to changes of circumstances "since September 30, 1987, the date of the ... URESA order in a case initiated by wife in the State of Colorado." She contends that the trial court improperly determined that the URESA order modified the original decree in the dissolution of marriage case.

■ The trial court made specific findings that there were no changes of circumstances "so substantial and continuing as to make the terms of the decree entered September 30, 1987 unreasonable." Rule 73.01(a)(2). As Alice has stated, the September 30, 1987, decree is the decree in the URESA action. The question presented is, does the granting of an amount of child support in a URESA action that is different from that ordered paid by a prior dissolution decree constitute a modification of the terms of the prior dissolution decree? If it does, then the procedure followed by the

RSMo Supp.1984. For convenience all citations to statutes will be to RSMo 1986 unless otherwise stated.

**2.** Appellant sought other relief in addition to an increase in the amount of child support. However, the only issue appealed is the denial of the requested modification of the amount of child support.

trial court, i.e., considering, for purposes of assessing whether there was a sufficient change of circumstances, only what occurred after the date of the URESA decree without also considering what occurred between the date of the original dissolution decree and the date of the URESA decree, is correct. If not, the trial court erred by not considering whether there was a sufficient change of circumstances between the date of the original dissolution decree and the date of the hearing on the motion to modify.

Two statutes speak to this issue, §§ 454.-105 and .280. Section 454.105 states:

Participation in any proceeding under section 454.010 to 454.360 does not confer jurisdiction upon any court over any of the parties thereto in any other proceedings.

Section 454.280 states:

No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

 Applying these statutes to the URESA action decided in 1987, the following is evident. The URESA action was a different proceeding than the earlier dissolution of marriage action notwithstanding that both actions were between the same parties. Likewise, Alice's current motion to modify the amount of child support that was originally awarded in the dissolution of marriage action is a different proceeding than the URESA action. The URESA proceeding was brought under §§ 454.010 to .360. This proceeding to modify the prior decree of dissolution is brought under § 452.370. Alice's and Clifton's participation in the URESA action did not confer jurisdiction on the court that heard that case to modify the prior dissolution decree. § 454.105. The entry of an order of support in the URESA case, in which Missouri acted as the responding state, did not supersede the order of support previously entered in the dissolution case. § 454.280. Rather, any amounts paid by Clifton pursuant to either the URESA order or the order in the dissolution decree are properly credited against both amounts. *Id.*

An illustration of the confusion that can arise by failing to keep proceedings in a URESA case separate from proceedings in a case seeking to modify a support order in a prior dissolution decree, in which cases the parties are the same, can be found in *In re Marriage of Stigall,* 756 S.W.2d 184 (Mo.App.1988). *Stigall* presented a question of arrearage in amounts of child support owed. A URESA petition had previously been filed in Wright County. The marriage between the parties to the URESA action had been dissolved some five years before the URESA petition was filed; however, the petition erroneously alleged that the petitioner was the wife of the respondent. A hearing was held in the URESA action. Both parties were present. The hearing was before the same judge who had entered the previous dissolution decree. An announcement was made by counsel for the petitioner, the prosecuting attorney of Wright County, of an agreed sum "as current child support obligation." The parties entered into a stipulation that the father "was in arrears in the sum of $2,000 on his previously court ordered child support obligation," apparently referring to the order of support contained in the prior dissolution decree. *Id.* at 186.

After the URESA hearing, the father in *Stigall* filed a motion to modify the dissolution decree alleging that the amount ordered by the original decree had been reduced by the URESA proceeding.[3] He further alleged changes of circumstances and sought abatement of the amount of child support attributable to one of the children of the parties by reason of that child's emancipation. The primary issue was whether the URESA proceeding was a modification of the terms in the original dissolution decree. The court held that,

---

**3.** It should be noted that, in *Stigall,* Missouri was not the responding state. The parties in that case were apparently both Missouri residents and both were personally present before the court at the time the URESA petition was acted upon.

under the unique circumstances of *Stigall*, modification of child support as awarded in the prior dissolution decree was addressed as part of the URESA proceedings. However, an apt warning was issued in the concurring opinion of Crow, C.J., that the holding in *Stigall* should be strictly limited to its unique facts, stating, "A custodial parent already possessing a child support order who seeks to collect support by a URESA proceeding should not have to assume a risk that the existing support order will be modified by any order entered in the URESA proceeding." [4] *Id.* at 188.

*Stigall* is not applicable to the facts in this case. A case similar to the one before this court is *In re Marriage of Popenhager*, 99 Cal.App.3d 514, 160 Cal.Rptr. 379 (1979). *Popenhager* has facts similar to those in the present case and addresses the presence of a statute comparable to § 454.280. In addressing the question of whether a support order in a URESA case superseded support provisions in a prior decree of dissolution, the California court concluded "where both parties to a reciprocal action are before the court, a defendant's plea for modification of support obligations thereunder must be heard." *Id.* at 521, 160 Cal.Rptr. at 382–83. That court continued, "where no specific plea for modification has been raised, [provisions of the California statute that are comparable to § 454.280 in Missouri mean] that a reciprocal support order, in and of itself, will not act to supersede a prior support order arising from a dissolution action." *Id.*, 160 Cal.Rptr. at 383.

In this case at the time the URESA action was heard and determined in 1986, there was no motion to modify pending with respect to the dissolution decree that had been entered in 1975. Thus, there was, using the words of the California court, no "plea for modification of support thereunder." Likewise, by reason of § 454.280 the

URESA determination did not supersede the child support that was awarded in the original dissolution decree. The reasoning in *Popenhager* is sound. This court need not now, and does not, address the propriety under Missouri law of consolidating a URESA proceeding and a pending motion to modify. In this case the 1986 URESA action did not affect the dissolution decree that had been entered in 1975. Therefore, in order to determine if the original dissolution decree can now be modified, the trial court must determine if circumstances have changed since 1975 so as to require modification of the provision for child support that is included in that decree. See § 452.370.1. It did not do so and thereby committed reversible error.

This case is reversed and is remanded to the trial court for purposes of determining the motion to modify in accordance with the principles announced herein. Whether it is necessary to receive additional evidence for that purpose is left to the sound discretion of the trial court.

FLANIGAN, C.J., and HOGAN, J., concur.

---

**4.** It is appropriate to note that, in *Stigall*, the URESA petition was filed and heard in 1980. §§ 454.105 and .350 were not then in effect. § 454.105, as noted elsewhere in the text of this opinion, provides that participation by parties to URESA actions in those proceedings does not subject those parties to the court's jurisdiction

in other proceedings. § 454.355 makes the provisions of the URESA statutes applicable to situations in which both parties are Missouri residents. Query, whether the same result would be reached under the facts in *Stigall* since the enactment of §§ 454.105 and .350?