**Gerald BOWDEN, Appellant,**

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT and Geraldine Gilbertson, Respondents.**

No. 19800.

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 1995.

Motion for Rehearing or Transfer to
Supreme Court Denied July 12, 1995.

Chuck D. Brown, Warten, Fisher, Lee & Brown, Joplin, for appellant.

Ronald D. Pridgin, Jefferson City, for respondent Mo. Dept. of Social Services.

PARRISH, Judge.

Gerald Bowden (father) appeals a decision of the Missouri Division of Child Support Enforcement (DCSE) declaring that he is in arrears in payment of child support in the amount of $68,328.55. Father contends the amount of child support he was ordered to pay was modified by proceedings in Oklahoma and that DCSE did not consider those modifications in its determination of the amount of arrearage. He further argues that collection of child support is barred by § 516.350.2,[1] and by reason of laches. This court affirms the agency's decision.

The Circuit Court of McDonald County, Missouri, dissolved the marriage of Geraldine Gilbertson (mother) and father November 6, 1970. Father was ordered to pay child support of $500 per month. The court, by its order dated January 18, 1980, reduced the amount of child support father was ordered to pay to $250 per month.

Father was also respondent in two Uniform Reciprocal Enforcement of Support Act (URESA) proceedings in Oklahoma. The District Court of Craig County, Oklahoma, entered a URESA order May 21, 1979, ordering father to pay child support in the amount of $200 per month. The same court entered an order May 6, 1980, ordering father to pay $60 per month child support (and an additional $40 per month to be applied on the arrearage in the amount that court previously ordered father to pay).

On August 25, 1993, the director of DCSE entered an administrative order determining father to be in arrears in paying child support in the amount of $68,385. Father was ordered to commence payments toward the arrearage. Father sought an administrative hearing regarding the amount of the arrearage. § 454.476.4. The hearing officer modified the order to correct a mathematical error, finding the amount of the arrearage to be $68,328.55, and affirmed the order as modified.

Father filed a petition for judicial review pursuant to § 536.100. He contended the agency erred in calculating the arrearage by failing to consider "modifications" of the amount of child support made by the District Court of Craig County, Oklahoma, and that collection was barred by the statute of limitations and laches. The trial court denied father's petition for review. This appeal followed.

■ On appeal this court reviews the decision of the agency, not the judgment of the trial court. *State ex rel. Bramlet v. Owsley*, 834 S.W.2d 868, 870 (Mo.App.1992). The decision will be affirmed unless it is unconstitutional or in excess of the agency's authority, is not supported by competent and substantial evidence, is otherwise unauthorized by law, is arbitrary, capricious or unreasonable, or an abuse of discretion. § 536.140.2.

Father's first point alleges that the decision is erroneous because collection of the arrearage is barred by § 516.350.2. Section 516.350.2 provides:

1. References to statutes are to RSMo 1986 unless stated otherwise.

In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982.

DCSE argues, however, that father did not raise the statute of limitations as a defense at the administrative hearing and, therefore, he cannot raise the issue for the first time on appeal. Father's response is that there is no procedural requirement to plead affirmative defenses before the agency such as is required by Rule 55.08 in civil actions before Missouri courts. *See, e.g., Smith v. Lewis County Abstract & Investment Co.*, 415 S.W.2d 33, 35 (Mo.App.1967).

An administrative hearing may be invoked by timely filing a written request therefor. § 454.475.1. Father's written request for hearing, a copy of which is included in the legal file in this appeal, appears to have been prepared on a form provided by DCSE. The form includes a choice of two statements as the reason for requesting a hearing. A blank is included in front of each statement so the applicable one may be designated. The possible reasons are:

_____ There is an error in the amount of the unpaid State Debt, the arrearage, and/or the current support.

_____ I am not the person obligated under the support order referred to in the Notice of Withholding.

Neither the statute nor the form suggests other pleading requirements. The form does not have space that would permit other narration.

■ Father's petition for judicial review identified the statute of limitations as a basis for reversing the administrative order. Further, as suggested in father's brief, the record from the administrative hearing affords sufficient facts to permit a determination of the statute of limitation question. This court holds that father was not required to file written pleadings directed to the administra-

tive hearing officer in order to preserve the statute of limitations issue for judicial review.

■ Section 516.350.1 prescribes methods for reviving a judgment. A judgment may be revived by *scire facias*, i.e., "upon personal service duly had upon the defendant," or upon payment "on such judgment . . . and duly entered upon the record thereof." *Id.* A child support judgment may also be revived by the judgment debtor filing a motion in the case in which the judgment was rendered. The filing of a motion invoking assistance of the court revives the judgment. *DeMoranville v. Tetreault*, 654 S.W.2d 71, 73 (Mo. banc 1983).

The child support judgment was entered by the Circuit Court of McDonald County, Missouri, on November 6, 1970. On August 2, 1979, father filed a motion to set aside or vacate the child support judgment. The filing of the motion revived the 1970 judgment. Father thereafter paid installments of child support through the Circuit Court of Benton County, Arkansas, apparently in response to Oklahoma URESA actions. Payments of $40 per month for child support were made through the Circuit Court of Benton County, Arkansas, from May 24, 1979, to February 2, 1984. Payment records from that court were in evidence at the administrative hearing and are part of the legal file in this court.

Father argues that the payments through the Arkansas court are not payments "duly entered on the record" of the Missouri court in which the child support judgment was rendered. He contends, therefore, that they cannot be considered for purposes of finding whether the Missouri judgment was revived.

This issue, as between Missouri courts, was addressed in *Spangler v. Spangler*, 831 S.W.2d 256, 259 (Mo.App.1992). That case involved payments made through the Circuit Court of Clay County, Missouri, in satisfaction of a Jackson County Circuit Court judgment for child support. *Spangler* explained, "[T]he dispositive question depends on an interpretation of the language found in the statute and more specifically, whether a child support payment made through the Circuit Court of Clay County constitutes 'payment on the record' of the support order originally issued from Jackson County in 1972." *Id.* *Spangler* held that the Clay County payments constituted payments "on the record"

with respect to the Jackson County judgment. It explained:

> As the term pertains to court proceedings, the "record" is a written memorial of all the acts and proceedings in an action or suit, in a court of record, and terminates when the judgment is rendered in the cause. Black's [Law Dictionary] 1145 (5th ed. 1979). In circumstances involving the recordation of child support payments, an ongoing process which occurs post-judgment, the "record" would not be limited to the court proceeding, but would include any recordation by the clerk of the court for payments made on the judgment. This is further evident by § 452.345.3 (Supp. 1992), where it is stated "[t]he circuit clerk shall maintain records listing the amount of payments, the date when the payments are required to be made, and the names and addresses of the parties affected by the order."

*Id.*

■ The court, in *Spangler*, concluded, "Where payments of child support are paid into any circuit court, of any county within the boundaries of this state, the payment is 'paid on the record' as contemplated by § 516.350, regardless of what county issued the original divorce decree." *Id.* at 260.[2]

■ Does the rationale in *Spangler* extend to circumstances in which payments of child support are made to a court of record in another state? Are those payments "paid on the record" insofar as a Missouri judgment is concerned? This court concludes the *Spangler* rationale is applicable; that payments to a court in another state made pursuant to URESA proceedings suffice as payments on the record for a Missouri child support judgment.

■ Child support payments made pursuant to a URESA order or pursuant to a child support order in a dissolution judgment are credited as payments on both orders. *State ex rel. Howell v. Howell,* 818 S.W.2d 704, 706

(Mo.App.1991); *Morton v. Morton,* 798 S.W.2d 521, 522–23 (Mo.App.1990). This occurs regardless of whether the dissolution decree is from the same state as the URESA order. *See, e.g., Morton, supra.* So long as court records of payments of child support are available, this court perceives no reason why those payments should not be considered, for purposes of § 516.350, as "paid on the record."

The November 6, 1970, judgment was revived August 2, 1979, when father filed his motion to modify the child support order. Pursuant to that motion, the amount of child support was reduced January 18, 1980. Thereafter, by means of periodic payments shown on the records of the Circuit Court of Benton County, Arkansas, between May 24, 1979, and February 2, 1984, father continually revived the judgment. The DCSE order was entered August 25, 1993. Enforcement of that order is not barred by § 516.350. Point I is denied.

Father's second point contends the agency erred by determining the amounts owed based on the McDonald County Circuit Court judgment. He argues that the McDonald County child support order was modified by the later Oklahoma URESA orders.

■ URESA actions are separate proceedings from motions to modify dissolution decrees. Support orders entered in URESA proceedings do not modify the amounts of child support ordered paid in dissolution decrees. *State ex rel. Howell v. Howell, supra; Morton v. Morton, supra.* Point II is denied.

■ Father's third point claims collection of the child support arrearage is barred by laches. Although father pleaded laches as an affirmative defense in his petition for judicial review, nothing in the administrative review record relates to that defense. A party is not entitled to present a theory on appeal different from that upon which his case was tried. *Shelton v. Bollinger,* 885 S.W.2d 35, 36 (Mo.App.1994). Further, this is an action

---

2. Father's brief suggests that this court, in *In re Estate of Logan,* 852 S.W.2d 177 (Mo.App.1993), held that in order for child support payments to be considered "paid on the record" they must have been entered on the record of the Court in which the judgment for child support was rendered. In *Logan,* no records of any court showing payment of child support were offered in evidence or otherwise presented to the trial court. *Id.* at 179. The failure to show renewal of a child support judgment in *Logan* was the result of insufficient evidence. Nothing more should be read into the holding in that case.

at law. Laches is an equitable doctrine; the doctrine of laches is not applicable. *UAW–CIO Local # 31 Credit Union v. Royal Ins. Co., Ltd.*, 594 S.W.2d 276, 281 (Mo. banc 1980). Point III is denied. DCSE's order is affirmed.

GARRISON, P.J., and CROW, J., concur.